The STATE of Ohio, Appellee,

v.

GONEY, Appellant.

[Cite as *State v. Goney* (1993), 87 Ohio App.3d 497.]

Court of Appeals of Ohio,
Montgomery County.

No. 13474.

Decided Aug. 3, 1993.

*Mathias Heck,* Montgomery County Prosecuting Attorney, and *Robert C. Deschler,* Assistant Prosecuting Attorney, Appellate Division, for appellee.

*Beverly F. Schmaltz,* for appellant.

BROGAN, Judge.

Appellant, Thomas B. Goney, appeals from his conviction of rape after a trial by jury in the Common Pleas Court of Montgomery County, Ohio.

In his sole assignment of error, appellant contends the trial court erred in overruling his objection to the admission of evidence of appellant's conviction for bank robbery for impeachment purposes.

At trial the complaining witness, Lori Calton, testified that the appellant came to her apartment shortly after midnight on October 13, 1991. Since appellant was Calton's cousin, she permitted him inside her apartment at that hour of the morning. She was home alone with her child, Erica, and a neighbor nine year old, Michael Hall, for whom she was caring.

Calton testified that the appellant forcibly raped her. She testified that the appellant held her down, grabbed her neck, and bent her fingers during the sexual assault.

Michael Hall testified he awoke that morning to the screams of Calton and heard Calton pleading with a man to "stop." He said he thought she was getting "beat up or something." He said the man eventually used the bathroom and left. He said Calton was crying and her eyes were red. He said Calton called the police and her mother. He said she was removed from the apartment by ambulance.

Dr. Roberta Kline, a Miami Valley Hospital physician, testified that she examined Calton at the hospital and observed that she had a bruised neck, tenderness in her fingers, "tender cervix, and redness of her hymen." She testified it was her opinion that Calton's injuries were consistent with forceful intercourse.

The appellant testified and admitted that he had engaged in sexual intercourse with Calton on the night in question but contended she consented to engaging in sex with him.

Prior to the appellant's testifying in his own defense, the prosecutor notified the court and appellant's counsel that he had just discovered that the appellant had a prior federal conviction for aggravated robbery and that the state intended to use the appellant's prior conviction for impeachment purposes. Counsel for the appellant then made the following objection:

"MR. FLANAGAN: First of all, I'd like the record to show we object to this. We object to this being used as evidence in this case at all.

"First of all, this just came up this morning and under the rule, as we understand the rule, we are entitled to written notice so we can bring this to the attention of the Judge prior to the trial and get a ruling on this. For the record, we object to any reference to any prior criminal convictions.

"Secondly, it is over ten years old and we believe it should not be used for any purpose."

The trial court then conducted further proceedings in chambers wherein the prosecutor represented to the court that he had not learned of the appellant's federal conviction until the previous afternoon and that appellant had not been released from federal parole until November 1984. Again appellant's counsel objected to the admission of the federal conviction because "the conviction itself was substantially before ten years ago" and its probative value was substantially outweighed by its prejudicial effect upon the jury.

The trial court overruled the appellant's objection and the prosecutor asked the appellant on cross-examination if he had not been convicted of armed robbery, a federal offense. The appellant admitted he had.

■ Appellant argues in his brief that although Evid.R. 609(B) would permit evidence of convictions less than ten years in age without the necessity of written notice by the state of its intention to use such evidence for impeachment purposes, the last-minute notification to the defense counsel violated the provisions of Crim.R. 16 and denied the appellant a fair trial.

Evid.R. 609(A)(2) provides:

"(A) For the purposes of attacking credibility of a witness:

" * * *

"(2) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice of confusion of the issues, or of misleading the jury."

Evid.R. 609(B) provides:

"(B) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

Since the state represented that the appellant had not been released from his parole status until November 1984 and the appellant did not dispute that

representation, the state was not obligated to provide the appellant "with advance written notice of its intent to use" the 1978 aggravated robbery conviction pursuant to Evid.R. 609(B).

Crim.R. 16(B)(1)(b) provides that upon motion of the defendant the court shall order the prosecuting attorney to furnish the defendant a copy of the defendant's prior criminal record, which is available to or within the possession, custody, or control of the state. The docket and journal entries do not indicate that appellant's counsel made a request pursuant to Crim.R. 16 for a copy of appellant's record. The local rules do not provide for discovery of the appellant's prior record. See Montgomery County C.P.Loc.R. 3.03.

In any event, appellant's trial counsel did not represent to the trial court that he would not have had his client testify had he known the appellant had a prior conviction for aggravated robbery which could be used by the state to impeach his client's credibility.

Appellant did argue that evidence of the prior conviction should not have been permitted because its relevance to his credibility was outweighed by its prejudicial impact on the jury.

Evid.R. 609 as amended in 1991 makes clear that Ohio trial judges have discretion to exclude prior convictions where the court determines that the probative value of the evidence outweighs the danger of unfair prejudice of confusion of the issues, or of misleading the jury. The trial judge possesses broad discretion under Evid.R. 609 to determine the admissibility of prior convictions for impeachment purposes. *State v. Wright* (1990), 48 Ohio St.3d 5, 548 N.E.2d 923.

In making the determination, the trial court should consider a number of factors: (1) the nature of the crime, (2) recency of the prior conviction, (3) similarity between the crime for which there was a prior conviction and the crime charged, (4) importance of the defendant's testimony, and (5) centrality of the credibility issue. See Staff Note to July 1, 1992 amendment to Evid.R. 609, and McCormick on Evidence (3 Ed.1984) 94, fn. 9.

In *Gordon v. United States* (C.A.D.C.1967), 383 F.2d 936, Circuit Judge Warren Burger (later Chief Justice) reexamined the troubling question of the admissibility of prior convictions to impeach the accused's credibility. Judge Burger wrote the following at 940 of the court's opinion:

"In considering how the District Court is to exercise the discretionary power we granted, we must look to the legitimate purpose of impeachment which is, of course, not to show that the accused who takes the stand is a 'bad' person but rather to show background facts which bear directly on whether jurors ought to

believe him rather than other and conflicting witnesses. In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity. A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however serious, are in the same category. The nearness or remoteness of the prior conviction is also a factor of no small importance. Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness.

"A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

"Of course, there are many other factors that may be relevant in deciding whether or not to exclude prior convictions in a particular case. See *Luck* [*v. United States* (1965) ], *supra* [121 U.S.App.D.C. 151], at 157, 348 F.2d [763] at 769. One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions. Even though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment."

Amended Evid.R. 609(A)(2) acknowledges the risk that a jury may misuse evidence of a prior conviction as evidence of propensity or general character when a criminal "accused" is impeached. Accordingly, admissibility of prior convictions is more readily achieved for witnesses other than the accused. Evid.R. 403 requires that the probative value of the evidence be "substantially" outweighed by unfair prejudice before exclusion is warranted. Evid.R. 403 is biased in favor of admissibility, but this is *not* the case where the accused is impeached by a prior conviction under Evid.R. 609(A)(2); the unfair prejudice need only outweigh

probative value, rather than "substantially" outweigh it. See Staff Note to the July 1, 1991 amendment.

■ The state bears the burden of showing that the probative value of the evidence outweighs the prejudicial impact of the prior conviction evidence. The trial court should also state for the record the factors which favor admission or exclusion of this evidence. *United States v. Mahone* (C.A.7, 1976), 537 F.2d 922. If admitted, the trial court should immediately instruct the jury concerning the limited purpose for which the evidence is being offered.

■ In common human experience, acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. See *Gordon v. United States, supra,* 383 F.2d at 940. The appellant's conviction for bank robbery is a crime which fairly reflects on the appellant's honesty. The appellant's conviction in 1978 is not a recent conviction. The aggravated robbery conviction is not similar to the rape charge for which the defendant was indicted and does not therefore create the inevitable pressure on the jurors to believe that "if he did it before he probably did so this time." It is clear that appellant's testimony was important, since the victim's accusation would essentially be unrebutted in the absence of the defendant's testimony. Last, the credibility of the alleged victim and the defendant was a central issue. In *Gordon v. United States, supra,* the court made the following concluding observation:

"Even though we need not go beyond Appellant's failure to raise the issue he now relies on, we note that the admission of Appellant's criminal record here, along with the criminal record of the complaining witness, was not in a vindictive or 'eye for an eye' sense, as Appellant argues. *Rather it was received because the case had narrowed to the credibility of two persons—the accused and his accuser—and in those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed.* The jurors saw and heard both and we are able to see and hear neither. None of the other contentions urged by Appellant affords a basis for disturbing the judgment." 383 F.2d at 941.

In conclusion, we do not find that the trial court abused its discretion in admitting evidence of the appellant's prior conviction of aggravated robbery for impeachment purposes. The assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.