OPINION
Defendant-Appellant Herman Smith appeals from his conviction and sentence from the Perry County Court of Common Pleas on one count of felonious assault with a firearm specification in violation of R.C. 2903.11(A)(2) and R.C. 2941.145 and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). Plaintiff-appellee is the State of Ohio. STATEMENT OF THE FACTS AND CASE On October 1, 1997, the Perry County Grand Jury indicted appellant on one count of felonious assault in violation of R.C.2903.11(A)(2), a felony of the second degree, and one count of having weapons while under disability in violation of R.C.2923.12(A)(2), a felony of the fifth degree. The felonious assault charge included a firearm specification. At his arraignment on October 15, 1997, Appellant entered a plea of not guilty to the charges contained in the indictment. An entry memorializing Appellant's not guilty plea was filed on October 24, 1997. Appellant, on October 15, 1997, also signed a written "Waiver of Time" waiving all statutory and constitutional speedy trial requirements. A stipulation signed by both counsel was filed on March 6, 1998, stating that the parties stipulated to the following facts:
 "1. That the Defendant in this case, Herman Smith, has previously been convicted of two counts of Aggravated Assault, Section 2903.12, each a felony of the fourth degree, in the Common Pleas Court of Richland County, Ohio, January 6, 1987, case number 86-DR-255A.
 2. That the offense of Aggravated Assault of which the defendant has been convicted is defined as a felony offense of violence by Section 2901.01(A)(9) Revised Code."
Both counsel further agreed and stipulated that "subject to the approval of the Court, this STIPULATION may be submitted to the trier of the fact herein." On March 10, 1998, appellee filed a notice of its intention pursuant to Ohio Evid.R. 609(B), to use evidence of certain of appellant's prior convictions. Thereafter, a jury trial commenced on March 16, 1998. The following evidence was adduced at the trial. On May 17, 1997, Mark Cacioppo, the owner of a towing and recovery business that does repossessions, traveled from his home in Tallmadge, Ohio, to Perry County to repossess a 1988 Ford van owned by Rebecca Keyser, a disabled woman who uses either a cane and brace or a wheelchair. Cacioppo testified that at such time, he had a written order to repossess the van for Auto Loan, Inc., the lienholder. Keyser, however, had received a `Notice of Default and Intent to Repossess" dated May 9, 1997, from Auto Loan indicating that she had until May 24, 1997, to cure her default by paying $5,088.69. Typically before traveling into other counties to repossess property, Cacioppo notifies both the local police department and sheriff's department of the repossession. Cacioppo stated that he had notified the sheriff's department just prior to the repossession of Keyser's vehicle. The radio and telephone log for the Perry County Sheriff, however, did not indicate that such a call had been received. The log, however, was not complete. Keyser owned a house jointly with appellant and a woman named Shirley Bennett. When, on May 17, 1997, Cacioppo arrived at Keyser's residence at approximately 2:30 to 3:00 a.m., he drove into her driveway with all of his exterior and interior truck lights, including his headlights and utility work lights, on. After he verified the VIN number on Keyser's van, Cacioppo proceeded to hook the van up to his tow truck. Cacioppo testified that as he was pulling away with the van attached to his truck, he heard two shotgun blasts coming from the front right hand side and observed a man on the passenger side of the truck pointing a sawed-off shotgun at him. One of the shots hit the passenger fender and the other the windshield. Cacioppo testified that the man walked around Cacioppo's truck and, while pointing the gun at his head, told Cacioppo to "Drop the mother fucking van. I'm going to kill you." Transcript of Proceedings at 114. Cacioppo also testified that after Keyser appeared on the scene, she told the man to "Blow his fucking brains out. He's — He was trespassing." Transcript of Proceedings at 115. Thereafter, the man struck Cacioppo in the chest with the butt of the gun, causing a red mark. Transcript of Proceedings at 115. Cacioppo testified that he attempted to tell the two about the repossession so that he would not be killed. After he was able to unhook the van, Cacioppo got into his truck and drove to a nearby gas station where the attendant called 9-1-1. When the sheriff's department arrived, Cacioppo gave the deputy sheriff a description of his assailant and his assailant's name. Photographs were taken of both Cacioppo's truck and the injury to his chest. After taking a report from Cacioppo, two deputies went to Keyser's residence to talk to appellant. Although both Keyser and appellant stated that Keyser had fired the gun, Keyser was unable to locate the gun when asked to do so by the deputies. Keyser told the deputies that she had grabbed the gun and gone outside with it after observing a man standing outside her house looking into her windows at approximately 3:00 A.M. Keyser was doing dishes in the nude at such time. Once appellant told Keyser where the gun was located, the deputies retrieved the same. An area search conducted by the deputies using a K-9 dog yielded a spent cartridge from a 12 gauge shotgun in front of the garage that still smelled of gunpowder. Appellant was then arrested based on Cacioppo's description of him. Shortly thereafter, Cacioppo identified appellant as his assailant. Cacioppo was also able to identify appellant at trial as the man who had fired shots at him and had struck him in the chest with the gun. At the conclusion of the evidence, the jury on March 17, 1998, found appellant guilty of the offense of having weapons while under disability and guilty of the offense of felonious assault with a firearm specification. Thereafter, on April 14, 1998, Appellant was sentenced to an aggregate sentence of eight (8) years and eleven (11) months in prison. A Judgment Entry of Sentence was filed on April 14, 1998. It is from his conviction and sentence that Appellant prosecutes his appeal, raising the following assignments of error:
 FIRST ASSIGNMENT OF ERROR APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY THE INTRODUCTION, OVER OBJECTION, OF TWO PRIOR CONVICTIONS, AND THE TRIAL COURT'S FAILURE TO PROVIDE AN INSTRUCTION LIMITING THE JURY'S USE OF THE PRIOR CONVICTIONS, CONTRARY TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, EVID. R. 403, 404, AND 609.
 SECOND ASSIGNMENT OF ERROR APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, WHEN TRIAL COUNSEL: 1) DID NOT REQUEST A JURY INSTRUCTION OUTLINING THE RIGHTS OF A PROPERTY OWNER TO REPEL TRESPASSERS; 2) DID NOT MOVE THAT THE TWO CHARGES BE SEVERED, OR IN THE ALTERNATIVE, WAIVE APPELLANT'S RIGHT TO A JURY TRIAL ON THE HAVING WEAPONS UNDER DISABILITY CHARGE; AND 3) DID NOT REQUEST A LIMITING INSTRUCTION AFTER APPELLANT'S PRIOR CONVICTIONS WERE ADMITTED INTO EVIDENCE OR OBJECT TO THE INCOMPLETE LIMITING INSTRUCTION REGARDING THE UNDERLYING FELONY SUPPORTING THE HAVING WEAPONS UNDER DISABILITY CHARGE.
 I
In his first assignment of error, appellant challenges the trial court's admission, over objection, of appellant's two prior convictions, one a May 8, 1989, conviction for breaking and entering in violation of R.C. 2911.13, a felony of the fourth degree, and the other an October 24, 1988, conviction for having weapons under disability, in violation of R.C. 2923.12, also a felony of the fourth degree. Appellant specifically argues that the trial court erred by allowing appellant to be cross-examined with these two convictions and by failing to provide any "instruction properly limiting the jury's use of the evidence to impeach [appellant's] credibility, not his character." Appellee, appellant also contends, improperly attempted to use the prior convictions as evidence of appellant's character. Evid.R. 609 states, in relevant part, "(A) General rule. For the purpose of attacking the credibility of a witness: (2) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice or confusion of the issues, or of misleading the jury. (B) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."
Evid.R. 609 must be read in conjunction with Evid.R. 403(B), which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Under Evid.R. 609, a trial court has broad discretion to determine the extent of the admissibility of prior convictions for impeachment purposes. State v. Wright (1990),48 Ohio St.3d 5. In determining whether prior convictions should be admitted or whether the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues or of misleading the jury, the trial court should consider the following factors: "(1) the nature of the crime, (2) recency of the prior conviction, (3) similarity between the crime for which there was a prior conviction and the crime charged, (4) importance of the defendant's testimony, and (5) centrality of the credibility issue." State v. Goney (1993), 87 Ohio App.3d 497, 501. The State bears the burden of demonstrating that the probative value of the evidence outweighs its prejudicial effect. Id. A trial court's decision whether to admit or exclude evidence of prior convictions is reviewable for abuse of discretion. State v. Lane (1997),118 Ohio App.3d 230. In the case sub judice, on March 16, 1998, appellant's counsel filed a Motion in Limine to exclude evidence of the October 24, 1988, and May 8, 1989, prior convictions, both which were less than ten years old and both which were punishable by imprisonment in excess of one year under the law. Both the May 8, 1989, conviction for breaking and entering and the October 24, 1998, conviction for having weapons while under disability were punishable by up to 18 months in prison. The trial court, however, denied appellant's Motion in Limine, finding "the probative value of the evidence of these convictions outweigh the danger of unfair prejudice and confusion of the issues, or misleading the jury, . . ." Transcript of Proceedings at 205 — 206. We agree. One of appellant's prior convictions was for breaking and entering in violation of R.C. 2911.13. R.C. 2913.01(K) defines a "theft offense" as including a violation of R.C. 2911.13. Theft offenses such as breaking and entering involve dishonesty within the meaning of Evid.R. 609(A)(2), and therefore, may be used to impeach a witness. State v. Tolliver (1986), 33 Ohio App.3d 110. The trial court, therefore, did not abuse its discretion in allowing the prosecution to impeach appellant with his prior conviction for breaking and entering since the probative value of such evidence outweighed any danger of unfair prejudice or confusion or of misleading the jury. At trial, appellant also was cross-examined regarding his prior conviction for having weapons under disability in violation of R.C. 2923.13. As a general rule, those prior convictions which are for the same crime as the accused is on trial should be admitted sparingly. Goney, supra. However, based on Keyser's portrayal of appellant as an outstanding citizen and appellant's testimony on direct exam that he had never possessed any shotgun, we find that the trial court did not abuse its discretion in allowing the State to cross-exam appellant on his prior conviction for having a weapon while under disability. Appellee clearly used such conviction to impeach appellant's credibility and veracity rather than as evidence of his character or his propensity to commit the crime of weapons under disability. Appellant further asserts that the trial court erred in failing to give the jury a limiting instruction regarding the proper use of appellant's prior convictions for breaking and entering and having weapons under disability. Appellant argues that the jury should have been instructed to consider these prior convictions only in regard to assessing his credibility and not for evidence of his character since Rule 404 of the Ohio Rules of Evidence, prohibits, with a limited exception, the use of evidence of an accused's character to show that he acted in conformity with his character. However, no such instruction was requested by appellant at trial nor did defense counsel object to the instructions given. "Where no objection was made at trial to failure to give special limiting instructions concerning the proper use of prior conviction in evidence, the omission was not reviewable on appeal from conviction." State v. Gordon (1971),28 Ohio St.2d 45. This court, therefore, cannot review the trial court's failure to give a limiting instruction. Appellant's first assignment of error is overruled.
 II
Appellant, in his second assignment of error, asserts that he was denied his constitutional right to the effective assistance of counsel by his trial counsel's (1) failure to request a jury instruction regarding the rights of property owners to repel trespassers, (2) failure to move that the two charges be severed or, in the alternative, to waive appellant's right to a jury trial on the weapons under disability charge, and (3) failure to request a limiting instruction after appellant's prior convictions were admitted into evidence or to object to the incomplete limiting instruction regarding the underlying felony supporting the having weapons under disability charge. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993) 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.ED.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case. The first instance of alleged ineffectiveness raised by appellant is his trial counsel's failure to request an instruction on appellant's privilege to defend his property against trespassers. Appellant specifically asserts that, based on the notice that Keyser received granting her until May 24, 1998, to cure her default, Cacioppo had no right to repossess Keyser's vehicle and, therefore, to be on the property owned by Keyser and appellant. As his defense at trial, appellant argued that Keyser had fired shotgun. Keyser herself testified for the defense that she grabbed her gun, ran outside, and fired after observing a man looking into her windows. In other words, appellant's defense was that he did not fire the gun. Since appellant raised no claim of defense of property against trespassers, an instruction on the same would have been inconsistent with the defense. While appellant argues that his trial counsel should have argued that even if the State's case was believed, appellant still had a right to defend his property, trial counsel's failure to request such an instruction constituted trial strategy and, as such, cannot be regarded as ineffective assistance of counsel. See State v. Coleman (1989),45 Ohio St.3d 298, 308. Appellant further questions defense counsel's failure to move the trial court for separate trials on the two counts contained in the indictment pursuant to Crim.R. 14 or to waive appellant's right to a jury on the weapons under disability charge. According to appellant, the failure to request a severance of the two charges was prejudicial since the elements of the weapons under disability charge included a prior aggravated assault conviction that improperly influenced the jury in its decision on the felonious assault charge in this case. Crim R. 8(A) provides: "(A) Joinder of Offenses. Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of conduct."
In this case, the felonious assault and having weapons under disability charges were joined in a single indictment and tried together and were based on the same act. In order to have obtained a severance, the appellant would have had to demonstrate that joinder was prejudicial under Crim.R. 14. That Rules provides: "If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, information or complaint, * * * that court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires.
In State v. Dunkins (1983), 10 Ohio App.3d 72, the court found the joinder of multiple charges in a single indictment not to be prejudicial. In that case, the defendant argued that the trial court erred in failing to sever his having a weapon with disability charge from his burglary and carrying a concealed weapon charges. The defendant maintained that joinder of the three charges in a single indictment was prejudicial because it permitted the State to bring in evidence of the defendant's prior conviction for armed robbery in the trial as to the disability charge. If, however, the charge of having a weapon while under disability was severed from the other charges, the State could not introduce the defendant's prior conviction in a trial on the remaining charges because it would be considered prejudicial. The court found the joinder of offenses to be valid because (1) the evidence of the defendant's prior conviction was simple and distinct, (2) the three counts arose out of the same transaction and (3) the jury was given an appropriate limiting instruction. Under these circumstances, the trial court found the defendant had not been prejudiced and affirmed the trial court's refusal to sever the charges. Similarly, we find, in the instant case, the joinder of the felonious assault and having weapons while under disability offenses was valid and non-prejudicial because (1) the evidence of appellant's prior aggravated assault convictions was simple and distinct, i.e. there was no elaboration as to the details of the prior convictions, (2) the felonious assault and having weapons while under disability charges arose out of the same transaction or set of facts and (3) the jury was given an appropriate limiting instruction. See State v. Harris (1995), Knox App. No. 95-8, unreported. Consequently, in light of the fact that the joinder of the two charges was appropriate under Dunkins, supra, we find appellant's trial counsel did not fall below an objective standard of reasonable representation in failing to request a severance of the charges under the first prong of Strickland and Bradley, supra. Moreover, whether or not to waive a jury trial is a tactical consideration and a decision not to waive a jury trial does not constitute ineffective assistance of counsel. As his final example of the alleged ineffective assistance of trial counsel, appellant points to trial counsel's failure to request a limiting instruction after appellant's prior convictions were admitted into evidence or to object to the incomplete limiting instruction regarding the underlying aggravated assault felony supporting the having weapons under disability charge. In the case sub judice, appellant has failed to rebut the presumption that trial counsel's actions were anything but sound trial strategy. See State v. Smith (1991), 75 Ohio App.3d 73. Defense counsel may have declined to request a limiting instruction regarding appellant's prior convictions for breaking and entering and having a weapon under disability out of fear that, if such an instruction was given, the prior convictions would be once again called to the jury's attention. The same holds true with trial counsel's failure to object to the alleged incomplete limiting instruction regarding the underlying felony supporting the having weapons under disability charge. In addition to finding that the performance of appellant's counsel did not fall below an objective standard of reasonable representation, we also find that, even if it had, appellant was not prejudiced by his counsel's actions. The eyewitness testimony of the victim, coupled with the testimony regarding Keyser's physical limitations and regarding appellant's knowledge of the whereabouts of the weapon was sufficiently strong that the appellant did not establish that, but for counsel's errors, there was a reasonable probability that the result of the proceeding would have been different. Therefore, we conclude that neither prong of the test for ineffective assistance of counsel has been met. Since there is no evidence that trial counsel's performance fell below an objective standard of reasonable representation and since, with respect to appellant's three examples of ineffective assistance of counsel, appellant has not shown that but for such errors the results of his trial would have been different, appellant's second assignment of error is overruled.
The judgment of the Perry County Court of Common Pleas is affirmed.
By Edwards, J. Gwin, P.J. concurs Hoffman, J. concurs separately