**[Cite as *State v. Lammie*, 2026-Ohio-1109.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KEVIN LAMMIE,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-11

OPINION AND
JUDGMENT ENTRY

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 24-CR-0333**

**Judgment Affirmed**

**Date of Decision:  March 30, 2026**

**APPEARANCES:**

    *Christopher Bazeley* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**ZIMMERMAN, P.J.,**

{¶1} Defendant-appellant, Kevin Lammie ("Lammie"), appeals the April 24, 2025 judgment entry of sentencing of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On November 19, 2024, the Crawford County Grand Jury indicted Lammie on Count One of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony; Count Two of strangulation in violation of R.C. 2903.18(B)(3), (C)(3), a fourth-degree felony; and Count Three of domestic violence in violation of R.C. 2919.25(A), (D)(2), a misdemeanor of the first degree. Lammie appeared for arraignment on November 21, 2024, and entered pleas of not guilty.

{¶3} The case proceeded to a two-day jury trial on April 17, 2025. On April 18, 2025, the jury found Lammie guilty of felonious assault and domestic violence and not guilty of strangulation.

{¶4} On April 24, 2025, the trial court sentenced Lammie to an indefinite mandatory minimum term of six years to a maximum term of nine years in prison on Count One (felonious assault). The trial court further sentenced Lammie to 180 days in jail on Count Three (domestic violence), to be served concurrently with the sentence imposed on Count One.

{¶5} On May 8, 2025, Lammie filed his notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The Trial Court Erred By Allowing Irrelevant Evidence Of Lammie's Prior Convictions Under Evid.R. 609.**

{¶6} In his first assignment of error, Lammie argues that the trial court abused its discretion by admitting evidence of his prior convictions for the purpose of impeaching his credibility. Specifically, Lammie contends that the trial court erred by failing "to engage in the five-factor [Evid.R. 609] analysis" and determine "whether each factor favor[ed] admission or exclusion of the evidence." (Appellant's Brief at 3). Lammie further argues that the trial court erred by failing to "advise the jury of the limited purpose it allowed the evidence in." (*Id.*).

*Standard of Review*

{¶7} Evid.R. 609 governs impeachment by evidence of prior convictions and provides, in pertinent part, as follows:

(A) General rule. For the purpose of attacking the credibility of a witness:

. . .

(2) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(3) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.

(B) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, probation, parole, or judicial release imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Evid.R. 609(A), (B).

{¶8} Under Evid.R. 609, a trial court has broad discretion to determine the extent of the admissibility of prior convictions for impeachment purposes. *State v. Brown*, 2003-Ohio-5059, ¶ 27. Therefore, we review the trial court's determination under Evid.R. 609 for an abuse of discretion. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} "When an accused testifies at trial, Evid.R. 609(A)(2) allows the state to impeach the accused's credibility with evidence that the accused was convicted of an offense punishable by imprisonment in excess of one year and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." *State v. Bryan*,

2004-Ohio-971, ¶ 132. In making this determination, the trial court should consider the following factors: (1) the nature of the crime, (2) recency of the prior conviction, (3) similarity between the crime for which there was a prior conviction and the crime charged, (4) importance of the defendant's testimony, and (5) centrality of the credibility issue. *State v. Goney*, 87 Ohio App.3d 497, 501 (2d Dist. 1993).

*Analysis*

{¶10} In this case, Lammie's prior convictions include a burglary conviction in 2013 (and the community control sanctions terminated in 2017); an aggravated-arson conviction in 2013 (and Lammie was released from confinement in 2020); and an aggravated-possession-of-drugs conviction in 2020.

{¶11} Prior to Lammie taking the witness stand to testify at trial, Lammie objected to evidence of his prior convictions of burglary and aggravated arson being used for impeachment purposes. Lammie argued that these convictions are older than ten years and should be excluded. Notably, Lammie did not make any argument that the prior convictions should be excluded because the danger of unfair prejudice outweighs the probative value of the evidence.

{¶12} The trial court overruled Lammie's objection, noting that the ten-year time period set forth in Evid.R. 609(B) does not commence until the witness is released from confinement or the community control sanctions are terminated. Moreover, the trial court found that Lammie's aggravated-possession-of-drugs conviction in 2020 was within the ten-year time limit. The trial court determined

that "all three are admissible. They're all within the 10-year time limit." (Apr. 18, 2025 Tr. at 375). As to the danger of unfair prejudice, the trial court stated, "And I do not find that Rule 403 would mandate that I exclude any of those convictions." (*Id.*).

{¶13} During cross-examination, the following testimony was elicited from Lammie regarding his prior felony convictions.

Q.  Okay. Now, I want to go a little bit more in your background. You said that you had some problems in Toledo?

A.  Yeah.

Q.  Fair to say that you were convicted of a burglary in 2012 or 2013 in Toledo?

A.  No, '11.

[Defense Counsel]:  We object.

THE COURT:  Overruled. We discussed this before - - before.

A.  2011, I believe.

Q.  Okay. So 2011 is when the burglary happened and you were convicted and you were placed on probation; is that right?

A.  Yeah.

Q.  And eventually you were kept on probation because of a second thing?

A.  Yes.

Q.  Okay. The second thing would have been an aggravated arson you were convicted of in 2013?

A.     Yes.

Q.     And for that, you were on a bit of a time-out. And after that, you came to Crawford County. In 2020, you were convicted of possessing meth?

A.     Yes.

Q.     Is that fair to say, too?

A.     Yes.

(Apr. 18, 2025 Tr. at 409-410). Following Lammie's testimony, the trial court did not give a limiting instruction, nor did defense counsel request such instruction. *See State v. Day*, 2025-Ohio-5625, ¶ 73 (8th Dist.) (explaining that defense counsel may have decided not to request a limiting instruction because it would emphasize the defendant's prior convictions, focusing the jury's attention on the prior convictions, and not on the defendant's actual testimony).

{¶14} On appeal, Lammie argues that the trial court abused its discretion by allowing the State to cross-examine him with evidence of his prior felony convictions without determining whether the probative value of the evidence outweighs the danger of unfair prejudice. "Had the trial court engaged in the proper Evid.R. 609 analysis it would have found that the prejudicial value of Lammie's prior convictions would outweigh their probative value." (Appellant's Brief at 3).

{¶15} Here, the trial court determined that Lammie's prior convictions are admissible for impeachment purposes and that Evid.R. 403 did not require exclusion

of the evidence. Even though the trial court did not make an express finding that the probative value of the evidence outweighs the danger of unfair prejudice, Lammie's objection was based solely on the ten-year time limit of Evid.R. 609(B). Nevertheless, based on our review of the record, we conclude that the trial court did not abuse its discretion by admitting Lammie's prior convictions into evidence for the purpose of impeaching his credibility.

{¶16} First, the nature of the crimes in this case are different from Lammie's prior convictions. The crimes charged in this case—felonious assault, strangulation, and domestic violence—involve crimes of violence. In contrast, Lammie's prior convictions of burglary, aggravated arson, and aggravated possession of drugs involve crimes of dishonesty and moral turpitude. *See State v. Brown*, 85 Ohio App.3d 716, 726-727 (3d Dist. 1993) (stating that convictions involving dishonesty, such as aggravated burglary, "this directly impacts on [a defendant's] credibility regarding his testimony at trial"). *See also Brown*, 2003-Ohio-5059, at ¶ 27 (finding no abuse of discretion to allow evidence of prior drug convictions to impeach the credibility of a defendant charged with aggravated murder).

{¶17} Second, since Lammie elected to take the witness stand to testify as to his version of events, his credibility became a central determination for the jury and thereby increasing the probative value of the prior convictions for impeachment purposes. *See id.* (stating that when the defendant's version of what occurred is contradicted by other witnesses, the defendant's credibility is at issue and "it [is]

appropriate for the state to impeach [the defendant] and to test his credibility by introducing testimony regarding these prior convictions").

{¶18} Third, there is no indication that the jury was misled or improperly decided this case based solely on Lammie's prior convictions. Evidence may be unfairly prejudicial if it """"arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish."""" *State v. Crotts*, 2004-Ohio-6550, ¶ 24, quoting *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172 (2001), quoting *Weissenberger's Ohio Evidence,* § 403.3, at 85-87 (2000). "Because fairness is subjective, the determination of whether evidence is unfairly prejudicial is left to the sound discretion of the trial court and will be overturned only if the discretion is abused." *Crotts* at ¶ 25. While the evidence of Lammie's prior convictions was certainly unfavorable to him, we cannot say that its admission prejudiced Lammie unfairly so as to warrant its exclusion.

{¶19} Therefore, for all of these reasons, we cannot find that the trial court abused its discretion by admitting evidence of Lammie's prior convictions for the purpose of impeaching his credibility. The probative value of Lammie's prior convictions was great. Since Lammie's prior convictions are dissimilar from the charges at issue and involve crimes of dishonesty and moral turpitude, the danger of unfair prejudice is lower. *Compare State v. Topping*, 2012-Ohio-5617, ¶ 43 (4th Dist.) (noting that "[w]hen the prior conviction is for the same crime with which a defendant is presently charged, the risk of unfair prejudice is greater"). Thus, the

trial court's decision that Evid.R. 403 did not require exclusion of the evidence is not unreasonable, arbitrary, or unconscionable.

{¶20} Next, Lammie argues that the trial court erred by not giving the jury a limiting instruction regarding the purpose for which it was to consider Lammie's prior convictions. Because Lammie's trial counsel did not request a limiting instruction and did not otherwise object to the trial court's jury instructions, our review of this issue is limited to a determination of whether the trial court committed plain error by failing to sua sponte give a limiting instruction. *See* Crim.R. 30(A).

{¶21} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not exist unless, but for the error, the outcome of the trial would clearly have been different. *State v. Biros,* 78 Ohio St.3d 426, 436 (1997). Moreover, notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.

{¶22} In *State v. Essinger*, 2003-Ohio-6000, ¶ 47 (3d Dist.), we were asked to determine if the trial court committed plain error by failing to sua sponte give a limiting instruction regarding the jury's use of the appellant's prior convictions when defense counsel did not request such instruction. In *Essinger*, we determined that the trial court's failure to sua sponte give a limiting instruction is not plain error. We reasoned that defense counsel's decision not to request a limiting instruction can be a tactical one. ""Defense counsel may have declined to request a limiting

instruction regarding appellant's prior convictions . . . out of fear that, if such an instruction was given, the prior convictions would be once again called to the jury's attention.'"" *Essinger* at ¶ 34, quoting *State v. Pitts*, 2002-Ohio-6291, ¶ 85 (9th Dist.), quoting *State v. Smith*, 1999 Ohio App. LEXIS 3947, *20 (5th Dist. Aug. 20, 1999). We further cautioned that "[c]ourts should not interfere with the tactical decisions of trial counsel by stepping in and sua sponte giving a limiting instruction." *Essinger* at ¶ 47.

{¶23} We adhere to our sound reasoning in *Essinger* and conclude in the instant case that the trial court did not commit plain error by failing to sua sponte give a limiting instruction regarding the jury's use of Lammie's prior convictions.

{¶24} Accordingly, Lammie's first assignment of error is overruled.

**Second Assignment of Error**

**The Trial Court Erred When It Failed To Merge Lammie's Convictions For Felonious Assault and Domestic Violence.**

{¶25} In his second assignment of error, Lammie argues that the trial court erred by failing to merge his convictions for felonious assault and domestic violence as allied offenses of similar import under R.C. 2941.25. Specifically, Lammie argues that both offenses "occurred simultaneously, were based on the same act, were committed with the same animus, and are of the same import." (Appellant's Brief at 6).

*Standard of Review*

**{¶26}** "We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey*, 2022-Ohio-4407, ¶ 6. If, however, a defendant fails to preserve the issue of merger at the time of sentencing, he forfeits all but plain error on review. *Bailey* at ¶ 7.

**{¶27}** Ohio's allied-offenses statute, R.C. 2941.25, specifies when a defendant may be convicted of multiple counts under the same indictment. The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶28}** To determine whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, we ask: "'"(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?"'" *Bailey* at ¶ 10, quoting *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of these questions permits separate convictions. *Bailey* at ¶ 10.

*Analysis*

**{¶29}** Here, Lammie failed to raise the issue of merger at the time of sentencing; therefore, we review for plain error.

**{¶30}** "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Bailey*, 2022-Ohio-4407, ¶ 8. To prevail under the plain-error doctrine, the defendant-appellant must show that (1) an error occurred, (2) the error was obvious, and (3) there is a reasonable probability that the error resulted in prejudice. *Id.* All three elements must be established to justify an appellate court's intervention. *Id.* at ¶ 9. *See also State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus ("Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice.").

**{¶31}** As to the first element, Lammie argues that the trial court erred by failing to merge the felonious-assault and domestic-violence convictions because both offenses "occurred simultaneously, were based on the same act, were committed with the same animus, and are of the same import." (Appellant's Brief at 6).

**{¶32}** The felonious-assault statute provides, in relevant part, that "[n]o person shall knowingly . . . [c]ause serious physical harm to another[.]" R.C. 2903.11(A)(1). The domestic-violence statute provides that "[n]o person shall

knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A).

{¶33} At trial, the jury viewed evidence of video footage from a body camera worn by law enforcement who were dispatched to the residence of Lammie and the victim. The video footage shows the victim in an ambulance telling law enforcement, "I didn't know he would get as physical with me as he did. When he pushed me, I fell and I believe I hit my eye." (Apr. 17, 2025 Tr. at 231). The victim further stated that her neck hurt because Lammie grabbed her by the throat and threw her down the stairs. The victim testified at trial that she was "severely intoxicated that night" and could not remember what happened. (*Id.* at 305). The victim did remember that, at one point, she tried getting into the bedroom where Lammie was, "And the next thing I know, I'm on the floor." (*Id.* at 306). Then, sometime later, she remembers sitting on the landing of the stairs, Lammie picking her up, and then "I fell down the stairs." (*Id.*).

{¶34} Lammie testified in his own defense at trial. On direct examination, Lammie testified that he and the victim had been drinking and arguing that night. While Lammie was barricaded in the bedroom, he heard the victim fall. Lammie looked "out" and saw the victim "on the floor" with "blood dripping down the side of her face." (Apr. 18, 2025 Tr. at 398). Lammie further testified that he and the victim continued to argue and he told her to leave, but she refused to go. "So I kind

of, I guess, coerced her to get down the steps." (*Id*. at 399). When asked if he caused the victim's injuries, Lammie responded as follows:

> A. Not directly, that I know. I'm not saying my conduct was 100 percent. You know, I'm drunk, too. But I know I never struck her. You know, I never deliberately tried to strangle her.
>
> I know there was an altercation and we both got hurt in it. You know, I - - I forced her down the steps, you know. It wasn't - - she wasn't wanting to walk down the steps. She would've walked down the steps if she wanted to. You know, we fell on those steps. You know, I don't deny that. I'm not sitting here saying that my conduct was 100 percent honorable, wasn't sober.

(*Id.* at 403-404).

{¶35} At sentencing, the trial court stated that the evidence showed that Lammie "threw her down once to the ground, and then threw her down the stairs." (Apr. 24, 2025 Tr. at 36). The trial court further stated that it could impose consecutive sentences for the "separate" offenses but declined to do so and ordered that the sentences for felonious assault and domestic violence run concurrently. (Id. at 42).

{¶36} Based on the specific facts of this case, the trial court did not err by failing to merge Lammie's felonious-assault and domestic-violence convictions. Lammie is not being punished twice for the same criminal conduct. Rather, he caused physical harm to the victim by throwing/pushing her to the ground. He also caused serious physical harm to the victim by throwing her down the stairs.

Therefore, the felonious-assault and domestic-violence offenses are of dissimilar import and are not subject to merger.

**{¶37}** Accordingly, Lammie cannot establish the first element of the plain-error test—that an error occurred—because the trial court did not err by sentencing Lammie on the felonious-assault and domestic-violence convictions.

**{¶38}** Lammie's second assignment of error is overruled.

**{¶39}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and WALDICK, J.J., concur.**

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.   The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.


William R. Zimmerman, Judge


John R. Willamowski, Judge


Juergen A. Waldick, Judge

DATED:
/hls