The STATE of Ohio, Appellee,

v.

PETERSON, Appellant.

</div>

[Cite as State v. Peterson, 166 Ohio App.3d 112, 2006-Ohio-1857.]

<div align="center">

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21252.

Decided April 14, 2006.

</div>

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Daniel J. O'Brien, for appellant.

---

GRADY, Presiding Judge.

{¶ 1} Defendant, Kevin Peterson, appeals from his conviction on two charges of cocaine possession, R.C. 2925.11(A), and sentences imposed for those sentences pursuant to law, which were entered and imposed on his pleas of no contest after the trial court had denied defendant's Crim.R. 12(C)(3) motion to suppress evidence.

{¶ 2} The evidence defendant moved to suppress, which formed the basis of the charges against him, was seized by Dayton police during a warrantless search and seizure of the residential premises at 1609 Westona Drive. On the evidence presented at the suppression hearing, the court overruled defendant's motion on a finding that he had no reasonable expectation of privacy in the premises searched and, therefore, lacked standing to prosecute any Fourth Amendment violation that the warrantless search and seizure might have involved.

{¶ 3} Defendant filed a timely notice of appeal from his conviction and sentence.

### ASSIGNMENT OF ERROR

{¶ 4} "The court prejudicially erred in finding that this defendant did not have sufficient legal standing to raise and have his overnight guest status enforced under the Fourth Amendment and a reasonable expectation of privacy in the premises in question."

{¶ 5} The evidence presented at the suppression hearing demonstrates that for one and one-half months prior to the search, defendant had been periodically coming to 1609 Westona Drive to see his girlfriend, Geneva Russell, with whom he has a child. Both Russell and defendant's child live at that residence, which Russell leases. Defendant had stayed overnight at the residence with Russell for

three consecutive nights prior to the search by police, and defendant was present at the residence on October 19, 2004, when police entered and searched the home.

{¶ 6} Defendant admitted that while he stays at 1609 Westona Drive from time to time, he does not live there, and he does not receive mail there. Defendant listed 4705 Blueberry Avenue, where his mother lives, as his address on his 2004 tax returns. That is also the address listed on defendant's driver's license, and that is where defendant receives his mail.

{¶ 7} Defendant testified that he has a lot of girlfriends whom he lives with and visits here and there for a couple of nights. Defendant also keeps clothing at different places, including the Westona Drive residence. Just prior to the three nights he spent at Westona Drive, defendant spent two nights with a different girlfriend at 129 Lexington Avenue. Defendant does not pay any rent at Westona Drive, although he testified that he provided food for the people there, including his son.

{¶ 8} The trial court reviewed *Minnesota v. Olson* (1990), 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85, and found that while an overnight guest may have a reasonable expectation of privacy in the residence he visits, and therefore may have standing to challenge the legality of a search of that residence, only one of the 12 factors that the state of Minnesota argued in *Olson* might suggest that defendant had a reasonable expectation of privacy in the place searched: that defendant kept some clothes at 1609 Westona Drive. The trial court concluded that society is not prepared to recognize as reasonable an expectation of privacy of someone who stays at different places all the time—that is, stays with different girlfriends in many places.

{¶ 9} Society may offer little or no approval of the conduct of such a peripatetic lothario, but a person's motive for being in a place, so long as it is within the law, does not deprive him of the protections that the Fourth Amendment's bar against unreasonable searches and seizures imposes on state action. Standing to invoke the protection of the Fourth Amendment depends on whether the person who claims it has a legitimate expectation of privacy in the place invaded by a police search and seizure. *Rakas v. Illinois* (1978), 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387; *Olson,* supra. A subjective expectation of privacy is legitimate if it is an expectation that society is prepared to recognize as reasonable. Id. A person who challenges a search bears the burden of proving the expectation in order to show that he has standing to challenge the legality of that search. *State v. Williams* (1995), 73 Ohio St.3d 153, 652 N.E.2d 721; *State v. Pinson,* Montgomery App. No. 20927, 2005-Ohio-4532, 2005 WL 2087390.

{¶ 10} Despite the state's efforts at the suppression hearing to show that defendant did not "live" at 1609 Westona Drive and that it was not his "home,"

*Olson* holds that a premises or dwelling need not be one's home in order for one to have a legitimate expectation of privacy in that place. The expectation attaches to one's home or residence, but the fact that it does isn't a bar to a reasonable expectation of privacy in other places that a person uses for residential purposes.

{¶ 11} Unlike one's domicile, which is both fixed and unique, a person can have a legally sufficient interest in a place other than his own home such that the Fourth Amendment protects him from unreasonable governmental intrusion into that place as well. *Rakas,* supra. An overnight guest has an expectation of privacy in his host's home where he is staying, one that society is prepared to recognize as reasonable, and therefore overnight guests have standing to challenge the legality of a search of that place. *Olson,* supra; *Pinson,* supra.

{¶ 12} Defendant's status as an overnight guest alone may be sufficient to show that he had a reasonable expectation of privacy in that place. *Olson,* supra. The state argues that the record is unclear as to whether the trial court found defendant's testimony credible that he was an overnight guest at 1609 Westona Drive for three consecutive nights prior to the warrantless entry and search of that residence by police. We disagree.

{¶ 13} Defendant repeatedly and consistently testified that he stayed overnight at that residence, which is the home of his girlfriend and their child, for three consecutive nights immediately preceding the warrantless entry and search of that home by police. This testimony was unequivocal, and there is no contradictory testimony on the point. More importantly, the trial court never indicated that it found defendant's testimony not credible.

{¶ 14} Though we review determinations of law by the trial courts de novo, we are bound by the trial courts' findings of fact if they are supported by competent, credible evidence. That rule presupposes that a finding of fact was made. Where a critical finding was not made, and conflicting evidence relevant to the finding was presented, the proper course is to remand the matter to the trial court to make the finding. However, where the evidence is clear and undisputed, we may exercise our authority to act on the finding that the trial court properly should have made.

{¶ 15} Defendant's testimony regarding his status as an overnight guest, along with the length of time he was at that premises and his personal relationship to the lessee of that residence, which is undisputed, leads us to conclude that the evidence presented at the suppression hearing is clearly sufficient to establish that defendant was an overnight guest at 1609 Westona Drive. As such, defendant had a legitimate expectation of privacy in that residence, his use of other places for residential purposes notwithstanding.

Therefore, defendant had standing to challenge the legality of the warrantless search of that residence. The trial court erred in overruling defendant's motion to suppress evidence for a lack of standing.

{¶ 16} The assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded to the trial court for a determination of whether the warrantless search of 1609 Westona Drive violated defendant's Fourth Amendment rights.

<div align="right">

Judgment reversed
and cause remanded.

</div>

FAIN and DONOVAN, JJ., concur.