OPINION
{¶ 1} Defendant, Kevin Owings, appeals from his conviction for possession of crack cocaine in an amount less than one gram and the sentence imposed for that offense pursuant to law.
 {¶ 2} On October 26, 2004, Defendant was at his girlfriend's residence at 54 West Mumma Street in Dayton. Defendant was there to remove furniture that he had loaned to his girlfriend. At approximately 9:00 p.m., the Dayton Police Department executed a search warrant for drugs at 54 West Mumma Street. By the time the police arrived, Defendant had removed all of his furniture from the residence.
 {¶ 3} The police approached from the rear of the residence and entered through the back door. Detective Keith Coberly was assigned to the outside perimeter. He testified that he approached from the rear of the duplex, rounded the corner of the duplex, and neared the front steps to the porch. As he reached the steps, Detective Coberly saw Defendant run out of the house and toss a bag of crack cocaine to the ground.
 {¶ 4} Defendant testified that he was in the house with a number of other persons when he heard shouting coming from the back of the house. Unaware that the commotion was coming from police officers, Defendant ran out of the front of the house at the same time as two other individuals. He stopped on the porch when Detective Coberly shouted to stop. The other two individuals continued to run away from the residence. Defendant denied tossing a bag of drugs to the ground, suggesting that the drugs must have been dropped by one of the other two individuals who had run out the front door. Defendant was arrested.
 {¶ 5} On December 1, 2004, Defendant was indicted on one count of possession of crack cocaine in an amount less than one gram, a felony of the fifth degree, and one count of improper handling of firearm in a motor vehicle. Defendant entered a not guilty plea, and then filed a motion to suppress evidence obtained pursuant to the search warrant. After an evidentiary hearing, the trial court denied Defendant's motion to suppress for a lack of standing.
 {¶ 6} Four days before trial, the State sent a report to Defendant's counsel containing results of a second analysis of the substance contained in the bag allegedly tossed by Defendant. The State had conducted a second chemical analysis because the individual who conducted the initial analysis was leaving on a honeymoon and would be unavailable to testify at trial. The second test, like the first, identified the substance as crack cocaine. On November 14, 2005, the morning on which the trial was scheduled to begin, Defendant filed a motion requesting an order to make available the alleged crack cocaine for independent scientific analysis and a continuance of the trial. The trial court overruled Defendant's motion.
 {¶ 7} A jury trial was held on November 14-15, 2005, which resulted in a verdict of guilty of one count of possession of crack cocaine, a felony of the fifth degree. On January 9, 2006, the trial court issued a Termination Entry, sentencing Defendant under R.C. 2925.11(A) to eleven months imprisonment and suspending Defendant's driver's license for three years.
 {¶ 8} Defendant filed a timely notice of appeal on January 9, 2006.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE STATE TO USE AND ADMIT INTO EVIDENCE HIGHLY PREJUDICIAL `POSED' PHOTOGRAPHS OF THE APPELLANT AT TRIAL."
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO USE AND ADMIT INTO EVIDENCE PHOTOGRAPHS THAT WERE NOT PROVIDED TO THE APPELLANT PURSUANT TO CRIM. R. 16 PRIOR TO TRIAL."
 {¶ 11} The first two assignments of error are interrelated and will be discussed together. Defendant challenges the State's use at trial of a certain "posed" photograph showing Defendant handcuffed with crack cocaine and $565.00 in cash on his back.
 {¶ 12} The decision to admit or exclude photographic evidence is left to a trial court's sound discretion. State v. Vrabel,99 Ohio St.3d 184, 2003-Ohio-3193, at _69 (citations omitted). An abuse of discretion consists of more than an error or law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted).
 {¶ 13} During the testimony of Detective Coberly, he was asked by the prosecutor to identify several photographs taken at the time of Owings' arrest. Two photographs, State's Exhibit 9 and 10 for identification, depicted Owings lying on his stomach with his hands handcuffed behind him. A plastic bag and some money bills were on the defendant's back. Prior to Coberly testifying about those two photographs a bench conference was held and defense counsel stated he was seeing these photographs for the first time. He did not move to exclude the photographs because the State did not provide them with its pre-trial discovery material. Much of the bench conference is inaudible. Defense counsel is heard to state that the defendant's identity was not in issue. (T. 81.)
 {¶ 14} Detective Coberly identified the man depicted in the photos as Defendant Owings, after he was arrested. Detective Coberly also testified that the cash had been taken from Defendant's pocket when he was searched. The officer also testified that the plastic bag was the bag of crack cocaine he saw Defendant throw as he went out the front door, and that officers had put the money and drugs on Defendant's back before photographing him.
 {¶ 15} The prosecutor argued that the photos were relevant to prove several things. First, because Defendant was shown lying on the porch where he had been arrested, the photos showed the jury the condition of the porch floor and part of the door that opens onto it. Second, they show where Defendant was apprehended. Third, the photos show how the Defendant looked on the occasion of his arrest. The trial court admitted the photographs, namely Exhibits 9 and 10.
 {¶ 16} Appellant argues the "posed" photographs should not have been admitted in evidence because the drugs and cash were not found by the police on his back and its admission in evidence was misleading and prejudicial. He claims the photographs were offered into evidence to implicate him with manufactured evidence.
 {¶ 17} The State argues that appellant was not prejudiced by the admission of the "posed" photographs because Officer Coberly testified where he recovered the drugs and the money and the jury was clearly told the photographs were "posed." The State argues the jury could not have been misled by the admission of these photographs and we agree. We agree with appellant that the photographs had limited probative value but we do not find them misleading or prejudicial as argued by the appellant. In his dissent Judge Grady cites the case of Deck v. Missouri (2005),544 U.S. 622. This case, however, bears little or no resemblance to the facts and law in this matter. Notably, Owings' counsel did not cite this case in support of his assignment because he argued that the photographs misled the jury about where the police recovered the drugs. Deck was concerned with three legal principles in bringing judicial hostility to "shackling" a defendant at trial, namely, the presumption of innocence, right to counsel which is diminished by the shackling, and finally a concern that judges maintain the "judicial process" in a dignified manner. Shackling a defendant at trial is usually avoidable, handcuffing a defendant when he is arrested is to be expected. The first assignment of error is Overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 18} The second assignment of error is overruled because Owings did not object to the admission of the photographs because of a discovery violation by the State. In any event, the admission of the photographs was not prejudicial.
THIRD ASSIGNMENT OF ERROR
 {¶ 19} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE BASED UPON APPELLANTS STANDING TO CHALLENGE THE ISSUANCE AND EXECUTION OF THE SEARCH WARRANT."
 {¶ 20} Defendant argues that the trial court erred in denying his motion to suppress on a finding that he lacked standing to challenge the issuance and execution of the search warrant because he had no reasonable expectation of privacy in his girlfriend's residence.
 {¶ 21} An evidentiary hearing was conducted on the motion to suppress. Defendant and Detective Joey Myers testified at the hearing. After receiving briefs from the parties, the trial court denied Defendant's motion to suppress. The trial court stated:
 {¶ 22} "Defendant has not proven that he was an overnight guest on the date in question as that term was defined in Minnesota v. Olsen (1990), 495 US 91. Nothing corroborates Defendant's assertion as one `staying at the residence' with a recognized expectation of privacy. No personal belongings of Defendant, other than furniture he allowed a girlfriend to use, were found in the premises. The letter purportedly sent to the premises to be received by the Defendant is insufficient proof of standing."
 {¶ 23} Defendant argues that the trial court erred in overruling his motion because he was an invited guest of the tenant, had a key, often stayed overnight at the residence, was romantically involved with the tenant, and had personal property at the residence that he was moving on the day he was arrested. Under similar circumstances, we have held that reasonable expectations of privacy exist which creates standing to challenge a search. State v. Peterson, 166 Ohio App.3d 112,2006-Ohio-1857.
 {¶ 24} Defendant has the burden to demonstrate error by reference to matters within the record. App. R. 12(A)(2). App. R. 9(B) requires Defendant to include in the record a transcript of all evidence relevant to the trial court's findings if Defendant intends to urge on appeal that a finding is unsupported by the evidence or is contrary to the weight of the evidence.
 {¶ 25} The record does not contain a transcript of the evidentiary hearing on the motion to suppress. Therefore, we cannot determine what evidence Defendant offered regarding his connection to the premises searched. The only facts discussed in the trial court's decision relate to Defendant's furniture and a letter found at his girlfriend's residence. The trial court concluded that these two facts were insufficient to create a recognized expectation of privacy. We agree.
 {¶ 26} On the findings the court made, we agree that no reasonable expectation of privacy in the Defendant is shown with respect to the premises police entered to perform their search. However, even if a reasonable expectation of privacy on the part of Defendant was shown or found, that would not support suppression of the evidence police seized.
 {¶ 27} The State's theory, which Defendant necessarily adopted for purposes of his motion in order to show the possessory interest the Fourth Amendment requires, was that Defendant tossed the bag of drugs out into the front yard as he came out the door. If he did, Defendant abandoned that property, subjecting it to seizure by police. Hester v. United States
(1924), 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed.2d 898; United Statesv. Pirolli (1982), 673 F.2d 1200. That seizure created probable cause for Defendant's arrest, and the cash found on his person was subject to a warrantless seizure incident to his arrest.Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329,3 L.Ed.2d 327. The authority to perform those seizures renders moot any defects in the warrant to search the premises or its execution and whether Defendant had standing to argue a Fourth Amendment challenge to either. Defendant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 28} "THE TRIAL COURT ERRED BY ALLOWING THE STATE TO INAPPROPRIATELY USE APPELLANT'S PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES."
 {¶ 29} Defendant argues that the State used Defendant's prior convictions and a docket entry from the Miami County Common Pleas Court to unfairly prejudice Defendant before the jury. When a defendant's version of what occurred contradicts other witnesses, his credibility is at issue and it may be appropriate to impeach the defendant and to test his credibility by introducing testimony regarding his prior convictions. State v. Brown,100 Ohio St.3d 51, 2003-Ohio-5059, at _27. When the case narrows to the credibility of two witnesses, as was the case here with Defendant and Detective Cobley, "`there [is] greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses [is] to be believed.'" Statev. Goney (1993), Montgomery App. No. 13474, 87 Ohio App.3d 497,503 (citation omitted).
 {¶ 30} For purposes of attacking the credibility of Defendant, Evid. R. 609(A)(2) permits the admission of prior convictions if the crime concerned was punishable by imprisonment in excess of one year, provided that the probative value outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury, and the evidence is not excluded by the court in its discretion under Evid. R. 403(B). Also, Evid. R. 609(A)(3) permits evidence of prior convictions of crimes involving dishonesty or false statement, regardless of the punishment, subject once again to the trial court's discretion under Evid. R. 403(B).
 {¶ 31} At the trial, the prosecutor cross-examined Defendant about his prior convictions:
 {¶ 32} "Prosecutor: Sir isn't it a fact that you're a convicted felon.
 {¶ 33} "Defendant: Yes ma'am.
 {¶ 34} "Prosecutor: Matter of fact, you've been convicted of several felonies, haven't you?
 {¶ 35} "Defendant: Yes ma'am.
 {¶ 36} "Prosecutor: You've been convicted of carrying a concealed weapon, haven't you.
 {¶ 37} "Defendant: Right.
 {¶ 38} "Prosecutor: That was in Montgomery County Courts, wasn't it?
 {¶ 39} "Defendant: Right.
 {¶ 40} "Counsel: Objection as to the scope of this interrogation your honor, if this is going to credibility or just to relay his prior convictions. I don't believe that those kind of convictions have any relevance on his credibility.
 {¶ 41} "Prosecutor: Your honor, felonies always have relevance to credibility.
 {¶ 42} "Court: If you can relate what they are and as long they're within the time frame of the rule.
 {¶ 43} "Counsel: Thank you.
 {¶ 44} "Prosecutor: And just so we're clear about that time frame, you were just convicted of that in March of 2002, weren't you?
 {¶ 45} "Defendant: Yes ma'am.
 {¶ 46} "Prosecutor: O.K. That's not the only felony you've been convicted though, is it?
 {¶ 47} "Defendant: No.
 {¶ 48} "Prosecutor: You've been convicted ah in Miami County too, haven't you.
 {¶ 49} "Defendant: Yes ma'am.
 {¶ 50} "Prosecutor: What are, what were you convicted of there?
 {¶ 51} "Defendant: Ah, failure to comply.
 {¶ 52} "Prosecutor: Is that it?
 {¶ 53} "Defendant: Ah, yeah that's what I was sent to jail for.
 {¶ 54} "Prosecutor: Your honor, may I approach the witness?
 {¶ 55} "Court: You may.
 {¶ 56} "Prosecutor: Sir, I'm showing you what is been previously marked as state's exhibit fourteen. This is a Judgment Entry involving that Miami County case and just so we're clear, can you read that at the top, In The Common Pleas Court of what?
 {¶ 57} "Defendant: Miami County
 {¶ 58} "Prosecutor: O.K. and it's State of Ohio versus who?
 {¶ 59} "Defendant: Kevin Owings.
 {¶ 60} "Prosecutor: O.K. and it's case number, what?
 {¶ 61} "Defendant: 01CR149
 {¶ 62} "Prosecutor: O.K. and it's a what we call an imposition of sentence, isn't it? It's written right there, isn't it?
 {¶ 63} "Defendant: Correct. Yeah.
 {¶ 64} "Prosecutor: And it's says, what are the charges there sir? Indictment for what?
 {¶ 65} "Defendant: Receiving stolen property and fleeing and alluding.
 {¶ 66} "Prosecutor: O.K. so and you weren't just indicted, you were convicted of those, weren't you?
 {¶ 67} "Defendant: Correct.
 {¶ 68} "Prosecutor: So it's fair to say sir, that's not the only felony in Miami County, right?
 {¶ 69} "Defendant: Correct.
 {¶ 70} "Prosecutor: Two felonies, not just fleeing and alluding but also receiving stolen property, correct?
 {¶ 71} "Defendant: Correct."
 {¶ 72} Tr. 142-43.
 {¶ 73} Defendant argues that his prior felony convictions were improperly used for impeachment because the underlying felony of carrying a concealed weapon is unrelated to truthfulness. Defendant also argues that while the prosecutor could have shown the docket entry to Defendant to refresh his memory, the prosecutor should not have been permitted to read the document into the record because the prosecutor, in doing so, was in effect testifying, not impeaching the witness.
 {¶ 74} "A trial court is afforded broad discretion in determining the extent to which such evidence may be admitted under Evid. R. 609." State v. Brown, 100 Ohio St.3d 51,2003-Ohio-5059, at _27 (citing State v. Wright (1990),48 Ohio St.3d 5). Defendant was convicted in Montgomery County for carrying a concealed weapon and in Miami County for receiving stolen property and fleeing and eluding. When first questioned by the prosecutor, Defendant did not identify his receiving stolen property conviction. The prosecutor then presented Defendant with a judgment entry from the Miami County case and questioned him about the receiving stolen property conviction. It was proper to allow more extensive questioning regarding his prior convictions, once Defendant had incorrectly testified that he only had two past felony convictions. Indeed, the receiving stolen property crime is the type of crime of dishonesty under Evid. R. 609(A)(3) that may go to the heart of a witness' credibility.
 {¶ 75} Contrary to Defendant's arguments, the prosecutor did not improperly testify about the receiving stolen property conviction. Although cross-examination questioning is by its very nature leading, that does not necessarily make a question which is asked testimonial. Had Defendant recalled his receiving stolen property conviction, there would have been no need for the State to refer to the judgment entry. Defendant cannot complain about the use of the judgment entry when his incorrect testimony necessitated the use of the entry.
 {¶ 76} In addition, the trial court gave a limiting instruction to the jury regarding the evidence of prior convictions:
 {¶ 77} "The testimony of the defendant Mr. Owings is to be weighed by the same rules that apply to all other witnesses who testified. Evidence was received that the defendant was convicted of prior felonies. That evidence was received only for a limited purpose. It was not received and you may not consider it to prove the character of the defendant in order to show he acted in conformity with that character. If you find that the defendant was convicted of prior convictions you may consider that evidence only for the purpose of testing his credibility and the weight to be given to the defendant's testimony. It cannot be considered for any other purpose." Tr. 155. This instruction ensured that the jury would use the prior convictions solely for testing the credibility of the witness, which is an acceptable use under Evid. R. 609. The jury is presumed to follow instructions it is given.
 {¶ 78} Defendant's fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 {¶ 79} "THE TRIAL COURT ERRED BY FAILING TO ALLOW APPELLANT THE OPPORTUNITY TO CONDUCT INDEPENDENT SCIENTIFIC ANALYSIS OF THE ALLEGED CRACK/COCAINE PURSUANT TO R.C. 2925.51."
 {¶ 80} Defendant argues that the trial court erred by not allowing Defendant the opportunity to conduct an independent scientific analysis of the alleged crack/cocaine pursuant to R.C.2925.51. According to Defendant, he was denied this right by the State's last minute re-testing of the substance and was therefore prejudiced. Defendant's argument is misplaced.
 {¶ 81} A laboratory report submitted by the State "is prima-facie evidence of the content, identity, and weight of the substances." R.C. 2925.51(A). The prosecuting attorney must serve a copy of the laboratory report on a defendant prior to any proceeding in which the report is to be used against a defendant. R.C. 2925.51(B). A defendant, upon written request to theprosecuting attorney, is entitled to have a portion of the substance preserved for the benefit of an independent analysis performed by a laboratory analyst employed by the defendant. R.C.2925.51(E). Once the Defendant requests a portion of the substance, the prosecutor is required to make the preserved portion available to the defendant at least fourteen days before the trial, upon the request of the defendant. Id.
 {¶ 82} On the morning of trial counsel for Defendant filed a motion for an independent test of the crack cocaine based on having received a second chemical analysis from the State on November 10, 2005, and he requested a continuance of the trial to allow the testing to take place. However, there is no evidence in the record of a request by Defendant for preservation of the evidence so that an independent analysis could be performed.
 {¶ 83} Defendant was arrested on October 26, 2004, and the trial commenced on November 14-15, 2005. Defendant had ample time to request preservation of the evidence and conduct an independent analysis of the drugs. Defendant's right to have the material analyzed was not prejudiced or affected by service of the second report four days before trial. Rather, the only apparent impediment to the independent analysis of the drugs he requested was Defendant's own failure to request preservation of the substance after receiving the State's first analysis of the drugs. State v. Stephens (1998), Hamilton App. No. C-979127,126 Ohio App.3d 540, 551-52.
 {¶ 84} Defendant does not argue that the independent testing of the substance would be exculpatory. Instead, Defendant argues: "Certainly, where the prosecution has reason to retest a substance a defendant in a criminal prosecution has an even greater reason to suspect the evidence set forth by the state is unreliable." The State explained that the substance was re-tested because the individual who had tested it the first time would be going on a honeymoon and unavailable to testify at trial. This explanation is reasonable and does not create an inherent unreliability as argued by Defendant. Moreover, the re-test within four days of trial does not excuse Defendant's failure to seek an independent analysis of the drugs in the twelve months leading up to trial.
 {¶ 85} Defendant's fifth assignment of error is overruled.
 {¶ 86} The Judgment of the trial court is Affirmed.
Wolff, J., concurs.