DECISION *Page 2 
{¶ 1} The trial court erred in finding that disorderly conduct, as a fourth-degree misdemeanor, is a lesser-included offense of assault. The state concedes this error. We reverse.
 {¶ 2} Anthony Harris said that defendant-appellant J. B. Bell hit him in the side of the face. Harris ran to the police station, where he was given a warrant referral for domestic violence, though that was not the proper charge. He stated in his affidavit that Bell had hit him and had "pulled gun." The charge was filed as assault, a first-degree misdemeanor.[1]
 {¶ 3} On the witness stand, Harris admitted that he had seen no gun. Bell testified that Harris — who he said had been intoxicated—had head-butted him, and that he had hit Harris back in self-defense. Harris was 52 at the time and large; Bell was 65 and 5'5" tall.
 {¶ 4} The meeting that day was by chance. The cause of the confrontation was that Harris owed Bell $70 that Harris had borrowed to buy something to wear to his aunt's funeral. Both men's families had known each other for many years. The funeral had been nine months before, and Bell wanted his money back. Harris admitted he hadn't paid.
 {¶ 5} The trial court stated that it did not believe that Bell, with his age and size disadvantage, would have just walked up to Harris and punched him. It found Bell guilty of disorderly conduct as a fourth-degree misdemeanor[2] and fined him $150 and court costs. *Page 3 
 {¶ 6} But disorderly conduct as a fourth-degree misdemeanor is not a lesser-included offense of assault.[3] Minor-misdemeanor disorderly conduct is a lesser-included offense of assault, though, in a plurality of appellate districts, including this one.[4] Thus, we must reverse the trial court's conviction for a fourth-degree misdemeanor and remand this case for the court to enter a conviction for minor-misdemeanor disorderly conduct and to adjust the sentence accordingly.
Judgment reversed and cause remanded.
[1] R.C. 2903.13(A).
[2] R.C. 2917.11(A)(2).
[3] State v. Reynolds (1985), 25 Ohio App.3d 59, 495 N.E.2d 971.
[4] Id.; State v. Roberts (1982), 7 Ohio App.3d 253; 455 N.E.2d 508;State v. Ault (Aug. 31, 2000), 4th Dist. No. 99 CA 56. But, see,State v. Neal (Sept. 1, 1998), 10th Dist. No. 97APA12-1676; State v.Ocasio, 2d Dist. No. 19859, 2003-Ohio-6240.
 SUNDERMANN and HENDON, JJ., concur. *Page 1