OPINION
{¶ 1} Defendant-appellant, Darion D. Keith, appeals from judgments of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm in part and reverse in part, and remand the matter for further proceedings.
 {¶ 2} On the afternoon of June 12, 2007, a 911 caller informed the Columbus Police Department of a physical altercation between two black men and a woman at an apartment located at 482 South James Road in Columbus, Ohio. Columbus Police *Page 2 
Officers Todd Rhodeback and Matthew Dunbar arrived at the apartment within a few minutes. As they approached the front door of the apartment, Officer Rhodeback saw two black men sitting in the living room. He also saw several bags of a green leafy substance that he thought was marijuana on the coffee table. Officer Rhodeback asked one of the men, later identified as appellant, if there was a woman in the apartment. Appellant said there was, and motioned upstairs. The officers then entered the apartment without a warrant.
 {¶ 3} Once the officers were inside the apartment, a woman, later identified as Sara Dave, came down the stairs and asked the officers why they were in her apartment. The officers told her about the 911 call. Although the evidence was conflicting concerning what Dave told the officers about the alleged assault, she said she was now fine. The two men then produced proof of identification pursuant to the officers' request. Officer Dunbar went to his police car to run a computer check on both men. Officer Dunbar learned that appellant recently had been arrested for carrying a concealed weapon. Because of that recent arrest, Officer Dunbar returned to the apartment and indicated to Officer Rhodeback that appellant may be armed.
 {¶ 4} At that point, the officers asked appellant to stand up so they could pat him down for weapons. Officer Rhodeback began to frisk appellant. Officer Rhodeback felt something in appellant's pocket that he believed was contraband. Officer Rhodeback sensed that appellant was beginning to tense up, so he asked Officer Dunbar to place appellant in handcuffs so that he could finish patting him down. Before he could be handcuffed, appellant broke free from the officers and headed for the front door. The officers stopped him at the front door and a struggle ensued. Appellant lifted Officer *Page 3 
Rhodeback off the ground and threw him down on a couch. Officer Dunbar then called for backup. Appellant continued to struggle with Officer Dunbar and ultimately threw him down onto the floor. Officer Rhodeback regained his footing and punched appellant in the face, knocking appellant to the ground. The officers were then able to handcuff appellant and regain control over him.
 {¶ 5} Shortly thereafter, other officers appeared at the apartment. Officer Jeffrey Lipp arrived on the scene as Officers Rhodeback and Dunbar were placing appellant in handcuffs. Officer Lipp entered the apartment. Dave pointed out to him a baggie on the ground that appeared to contain crack cocaine. Dave told Officer Lipp that the baggie belonged to appellant. Dave also gave Officer Lipp consent to search the apartment. Officer Lipp searched the apartment and, under a couch, found a firearm as well as an electronic scale. Officer Lipp also found another baggie containing what appeared to be crack cocaine on the floor near the front door.
 {¶ 6} As a result of these events, appellant was indicted in these two cases with one count of aggravated robbery in violation of R.C. 2911.01, two counts of assault in violation of R.C. 2903.13, one count of aggravated burglary in violation of R.C. 2911.11 (case No. 08AP-29), three counts of possession of cocaine in violation of R.C. 2925.11, and one count of having a weapon while under disability in violation of R.C. 2923.13 (case No. 08AP-28). The cases were consolidated for purposes of trial and appellant entered a not guilty plea to the charges and proceeded to a jury trial.
 {¶ 7} Before trial, appellant filed a motion to suppress any evidence obtained by the police after they entered the apartment. Appellant alleged the officers violated his Fourth Amendment rights. The trial court held a hearing on appellant's motion. The State *Page 4 
challenged appellant's capacity to contest the officers' entry and search because appellant did not live at the apartment. Testimony at the hearing indicated that Dave was the lessee of the apartment at 482 South James Road. However, she gave appellant a key to the apartment even though he did not rent or own the apartment. Appellant stayed overnight at the apartment for the two or three nights immediately preceding the date of this incident. The trial court determined that appellant did not have standing to challenge the lawfulness of the officers' entry into the apartment and, therefore, denied appellant's motion to suppress. The consolidated cases were then tried to a jury.
 {¶ 8} The jury found appellant guilty of two counts of assault and one count of possession of cocaine. The jury found him not guilty of two counts of possession of cocaine and one count of aggravated robbery.[1] The trial court sentenced appellant accordingly.
 {¶ 9} Appellant appeals and assigns the following errors:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT DID NOT HAVE STANDING TO ASSERT FOURTH AMENDMENT PROTECTIONS AGAINST WARRANTLESS ENTRY AND ILLEGAL SEARCH AND SEIZURE.
 II. THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE DEFENSE A JURY INSTRUCTION ON SELF DEFENSE.
 III. THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE DEFENSE A JURY INSTRUCTION ON DISORDERLY CONDUCT AS A LESSER INCLUDED OFFENSE OF ASSAULT. *Page 5 
 {¶ 10} Appellant contends in his first assignment of error that the trial court erred when it determined that he lacked standing to challenge the lawfulness of the officers' entry into the apartment. We agree.
 {¶ 11} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Groce, Franklin App. No. 06AP-1094,2007-Ohio-2874, at ¶ 6. When considering a motion to suppress, the trial court assumes the role of trier of fact, and is therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Brooks
(1996), 75 Ohio St.3d 148, 154. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8; Columbus v. Dials, Franklin App. No. 04AP-1099,2005-Ohio-6305, at ¶ 17-18. This dual standard of review applies to the trial court's decision regarding a defendant's capacity to challenge the legality of a search or seizure. U.S. v. Pollard (C.A.6, 2000),215 F.3d 643, 646.
 {¶ 12} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. State v.Kinney (1998), 83 Ohio St.3d 85, 87; Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868; Katz v. United States (1967), 389 U.S. 347, 351,88 S.Ct. 507, 511 ("[T]he Fourth Amendment protects people, not places."). We note that the United States Supreme Court has done away with a "standing" analysis in this context. Rakas v. Illinois (1978),439 U.S. 128, 140, 99 S.Ct. 421, 429. Instead, courts examine the capacity of the person to challenge the allegedly *Page 6 
unlawful search. The capacity to claim the protection of theFourth Amendment's prohibition from unreasonable searches or seizures depends upon whether the person who claims the protection has a legitimate expectation of privacy in the invaded place. Minnesota v. Olson (1990),495 U.S. 91, 95, 110 S.Ct. 1684, quoting Rakas, at 143. A person who challenges a search bears the burden of proving capacity to challenge the legality of the search. State v. Williams (1995), 73 Ohio St.3d 153,166; State v. Pinson, Montgomery App. No. 20927, 2005-Ohio-4532, at ¶ 8.
 {¶ 13} It is well established that an overnight guest has a legitimate expectation of privacy in the host's home and, therefore, has capacity to challenge the legality of a search of that home. Olson, at 98;Minnesota v. Carter (1998), 525 U.S. 83, 89, 119 S.Ct. 469, 473;State v. Peterson, 166 Ohio App.3d 112, 2006-Ohio-1857, at ¶ 11. Here, appellant presented substantial evidence at the suppression hearing that he was an overnight guest in Dave's apartment. Appellant testified that he stayed at Dave's apartment for the two or three nights immediately preceding his arrest. Dave testified that she gave appellant keys to the apartment, that he had a room in the apartment, and that he could stay there whenever he wanted. This testimony was not contradicted and established that appellant was at least an overnight guest in Dave's apartment. See Pinson, at ¶ 13 (uncontroverted testimony that defendant stayed overnight two nights before search established status as overnight guest); Peterson (uncontroverted testimony that defendant stayed overnight three nights before search established status as overnight guest); Olson, at fn. 6 (defendant had stayed at home for several days before arrest). *Page 7 
 {¶ 14} The State argues that the trial court did not believe that appellant was an overnight guest because it found that appellant's testimony was not credible. We disagree. Nothing in the transcript of the suppression hearing indicates that the trial court found that appellant was not an overnight guest or that his testimony was not credible. Nor did the State present any evidence that disputed appellant and Dave's testimony that appellant was, at least, an overnight guest. See Peterson, at ¶ 12-15; Pinson. Contrary to the trial court's conclusion, appellant, as an overnight guest, had a legitimate expectation of privacy in Dave's apartment and, therefore, had the capacity to challenge the lawfulness of the officers' entry.
 {¶ 15} The State also argues that appellant did not have a reasonable expectation of privacy because he displayed marijuana in plain view of the officers standing outside the front door of the apartment. This argument confuses appellant's capacity to challenge a search with the merits of the challenge.
 {¶ 16} Under Fourth Amendment law, "[a] `search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." United States v. Jacobsen (1984), 466 U.S. 112, 113,104 S.Ct. 1652, 1656; State v. Mims, Ottawa App. No. OT-05-030,2006-Ohio-862, at ¶ 15; State v. Israel (Sept. 26, 1997), Hamilton App. No. C-961006; State v. York (1997), 122 Ohio App.3d 226, 231 ("The essential inquiry, then, is whether the actions * * * constituted a `search,' which, in turn, depends upon whether appellant had a reasonable expectation that the interior of her barn would remain private."). An individual does not have a reasonable expectation of privacy in possessions that are in plain view to the public, even if those things are in the person's home. Israel; Mims, at ¶ 18. Thus, a law enforcement officer's observation of activities or *Page 8 
things that are in plain view, from a vantage point where the officer has a right to be, does not constitute a search for purposes of theFourth Amendment. Israel; Katz, at 351 ("What a person knowingly exposes to the public, even in his own home or office, is not a subject ofFourth Amendment protection."). In that situation, Fourth Amendment protections are not implicated because a search does not occur.State v. Sheppard (2001), 144 Ohio App.3d 135, 141. Therefore, whether or not there is a search under the Fourth Amendment goes to the merits of the constitutional challenge — not to the defendant's capacity to assert the constitutional challenge.
 {¶ 17} We also note that in the case at bar, there was no evidence presented at the suppression hearing that appellant or any of the occupants of the apartment engaged in illegal activity in plain view of the officers standing at the front door. Evidence of marijuana in plain view of the officers was introduced through the officers' testimony at trial, not during the suppression hearing. The trial court never reached the merits of appellant's constitutional challenge during the suppression hearing because it found that appellant lacked standing to assert the challenge.
 {¶ 18} As we determined above, appellant, as an overnight guest, had capacity to challenge the legality of the officers' entry into the apartment. The trial court erred in finding otherwise. On remand, the trial court can address the merits of appellant's Fourth Amendment challenge. Appellant's first assignment of error is sustained.
 {¶ 19} Our resolution of appellant's first assignment of error only impacts his conviction for possession of cocaine. Appellant's conviction for assault is not impacted by the lawfulness of the officers' entry. Even if the officers' entry into the apartment was unlawful, that does not justify or privilege appellant's subsequent acts of assault.State v. *Page 9 Christian, Mahoning App. No. 02 CA 170, 2005-Ohio-1440, at ¶ 27 (even if we assume officer's entry into residence was unlawful, defendant not justified or privileged to commit felonious assault); State v.Cossack, Mahoning App. No. 03-MA-263, 2005-Ohio-965, at ¶ 27-30 ("when a person who is being arrested commits a new crime during or after the arrest, the conduct witnessed which constitutes that new crime need not be suppressed merely because the initial arrest, which may be the motive for the new crime, turns out to be unlawful.").
 {¶ 20} Appellant contends in his second assignment of error that the trial court erred by refusing to instruct the jury on self-defense. We disagree.
 {¶ 21} Self-defense is an affirmative defense. State v. Kroesen (Nov. 16, 2000), Franklin App. No. 00AP-48. In order for a defendant to have the jury instructed on an affirmative defense, the defendant must introduce sufficient evidence which, if believed, would raise a question in the minds of reasonable jurors concerning the defense. State v.Smith (Apr. 2, 2002), Franklin App. No. 01AP-848; State v. Melchior
(1978), 56 Ohio St.2d 15, paragraph one of the syllabus.
 {¶ 22} To establish self-defense involving the use of non-deadly force, a defendant must prove (1) he was not at fault in creating the situation giving rise to the altercation, and (2) that he had a bona fide belief, even if mistaken, that he was in imminent danger of bodily harm and his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm. State v.D.H., 169 Ohio App.3d 798, 2006-Ohio-6953, at ¶ 30.
 {¶ 23} The defendant's bona fide belief must be objectively reasonable under the circumstances, and the defendant must have subjectively and honestly believed that *Page 10 
danger was imminent. State v. Morris, Monroe App. No. 03 MO 12,2004-Ohio-6810, at ¶ 22, citing State v. Thomas (1997),77 Ohio St.3d 323, 330-331; In re Morton, Belmont App. No. 01-BA-29, 2002-Ohio-2648, at ¶ 21. The objective part of the test requires consideration of "whether, considering all of the defendant's particular characteristics, knowledge, or lack of knowledge, circumstances, history, and conditions at the time of the attack," the defendant reasonably believed he was in imminent danger. Thomas at 330; State v. Smith, Franklin App. No. 04AP-189, 2004-Ohio-6608, at ¶ 16. The subjective part requires consideration of whether the defendant actually had an honest belief that he was in imminent danger. Id.
 {¶ 24} Here, appellant did not testify at trial. His police interview was played to the jury. In that interview, however, appellant never stated that he felt in fear of imminent danger during the altercation with the officers. It appears he was more concerned about the officers reaching into his pockets. Because appellant failed to introduce sufficient evidence which, if believed, would raise a question in the minds of reasonable jurors concerning whether he had an honest belief that he was in imminent danger, appellant was not entitled to a jury instruction on self-defense. See State v. Johnson (June 30, 2000), Montgomery App. No. 18085 (no error refusing to instruct on self-defense where defendant did not present evidence of bona fide belief that he was in imminent danger); Kroesen (same). Appellant's second assignment of error is overruled.
 {¶ 25} Lastly, appellant contends in his third assignment of error that the trial court erroneously declined to instruct the jury on the minor misdemeanor form of disorderly conduct as a lesser included offense of assault. We disagree. *Page 11 
 {¶ 26} R.C. 2945.74 allows for a trier of fact to consider lesser included offenses of a charged offense. See, also, Crim. R. 31(C). As the State correctly notes, this court has previously determined that disorderly conduct is not a lesser included offense of assault.State v. Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676. However, the Supreme Court of Ohio in Shaker Hts. v. Mosely, 113 Ohio St.3d 329,2007-Ohio-2072, recently rejected the reasoning we utilized inNeal in concluding that the minor misdemeanor form of disorderly conduct is a lesser included offense of domestic violence. Id. at ¶ 18-19. Thus, we must reexamine whether the minor misdemeanor form of disorderly conduct is a lesser included offense of assault.
 {¶ 27} "`An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.'" Id. at ¶ 10, quoting State v.Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
 {¶ 28} In determining whether an offense is a lesser included offense of the charged offense, "`the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense.'" State v.Barnes (2002), 94 Ohio St.3d 21, 26, quoting State v. Kidder (1987),32 Ohio St.3d 279, 282. Therefore, we will first consider the statutory elements of these two offenses.
 {¶ 29} Assault, in violation of R.C. 2903.13(A), provides, in relevant part, that: "[n]o person shall knowingly cause or attempt to cause physical harm to another." *Page 12 
Assault is a misdemeanor of the first degree; however, in this case, it is a felony of the fourth degree because the victims were peace officers. R.C. 2903.13(D)(3).
 {¶ 30} Appellant sought an instruction on the minor misdemeanor form of disorderly conduct contained in R.C. 2917.11(A)(1). That statute provides in relevant part, that: "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." A violation of this statute is a minor misdemeanor. R.C. 2917.11(E)(1).
 {¶ 31} The first prong of the Deem test considers whether the alleged lesser included offense carries a lesser penalty than the charged offense. Here, appellant was found guilty of assault, a misdemeanor of the first degree. Because the victims were peace officers, the crime is enhanced to a felony of the fourth degree. Disorderly conduct in this case is a minor misdemeanor. Thus, the minor misdemeanor form of disorderly conduct under R.C. 2917.11(A)(1) provides a lesser penalty than either form of assault and satisfies the first prong of theDeem test.
 {¶ 32} The second prong considers whether the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed. Because a person will necessarily cause inconvenience, annoyance or alarm to another by causing or attempting to cause them physical harm, and because recklessly is a lesser mental state than knowingly, assault cannot be committed without also committing disorderly conduct. See State v.Heffner (June 6, 1997), Montgomery App. No. 16230, citing State v.Roberts (1982), 7 Ohio App.3d 253, *Page 13 
254. Thus, the minor misdemeanor form of disorderly conduct under R.C. 2917.11(A)(1) satisfies the second prong of the Deem test.
 {¶ 33} The third prong requires that some element of the greater offense is not required to prove the commission of the lesser offense. Assault requires that the offender cause or attempt to cause the victim physical harm. The minor misdemeanor form of disorderly conduct does not require this element. Instead, the offender must only cause inconvenience, annoyance, or alarm. Thus, the minor misdemeanor form of disorderly conduct under R.C. 2917.11(A)(1) satisfies the third prong of the Deem test.
 {¶ 34} The minor misdemeanor form of disorderly conduct under R.C. 2917.11(A)(1) satisfies all three prongs of the Deem test and, therefore, is a lesser included offense of assault under R.C. 2903.13(A). Other courts have come to the same conclusion.Cincinnati v. Bell, Hamilton App. No. C-060592, 2007-Ohio-3091, at ¶ 6; State v. Ault (Aug. 31, 2000), Athens App. No. 99 CA 56; State v.Matusic (Aug. 23, 1999), Belmont App. No. 96-BA-48.
 {¶ 35} This conclusion, however, does not end our analysis. The mere fact that an offense is a lesser included offense of a charged offense does not mean that the court must instruct on both offenses. State v.Wilkins (1980), 64 Ohio St.2d 382, 387; State v. Easley, Franklin App. No. 07AP-578, 2008-Ohio-468, at ¶ 59. An instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Robb (2000),88 Ohio St.3d 59, 74; State v. Shane (1992), 63 Ohio St.3d 630, 632-633. *Page 14 
 {¶ 36} In determining whether the evidence reasonably supports the lesser included offense instruction, "[t]he persuasiveness of the evidence regarding the lesser included offense is irrelevant."Wilkins, at 388. Instead, the trial court must give the lesser included offense instruction, "[i]f under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." Id. The evidence must be considered in the light most favorable to the defendant. Id. An instruction is not warranted, however, every time "some evidence" is presented on a lesser included offense. See Shane, at 632-633.
 {¶ 37} In this case, an instruction on disorderly conduct should have been given if the jury could have reasonably concluded that appellant did not knowingly cause or attempt to cause physical harm to the officers, but instead, recklessly caused inconvenience, annoyance, or alarm by engaging in violent or turbulent behavior. See State v.Beard (Dec. 14, 1998), Butler App. No. CA-98-02-019; State v. Yontz
(1999), 135 Ohio App.3d 530, 539.
 {¶ 38} The evidence presented at trial indicated that appellant engaged in a significant fight with the two officers after he broke away and headed for the front door. Appellant threw each officer onto the floor. Officer Rhodeback testified that he injured his finger as a result of the altercation and Officer Dunbar testified that he was out of work for three days due to a shoulder injury he sustained from the fight. Given these unrefuted facts, the jury could not reasonably have found appellant not guilty of assault (the greater offense) but guilty of the minor misdemeanor form of disorderly conduct (the lesser offense). See id., at 539-540; Ault. Thus, even though the minor misdemeanor form of disorderly conduct is a lesser included offense of assault, *Page 15 
appellant was not entitled to a jury instruction for disorderly conduct because he did not present evidence that would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. Robb.
 {¶ 39} The trial court did not err in declining to instruct the jury on the minor misdemeanor form of disorderly conduct. Appellant's third assignment of error is overruled.
 {¶ 40} In conclusion, we sustain appellant's first assignment of error and overrule his second and third assignments of error. We affirm appellant's convictions for assault but reverse his conviction for possession of cocaine. We remand the matter for the trial court to address the merits of appellant's motion to suppress and to proceed accordingly. In the event the trial court denies the motion to suppress on remand, it can reinstate the verdict. If the trial court grants the motion, a re-trial would be required on the possession of cocaine charge.
Judgment affirmed in part and reversed in part; and cause remandedwith instructions.
McGRATH, P.J., and BRYANT, J., concur.
[1] The trial court found appellant not guilty of having a weapon while under disability and dismissed, at the State's request, the aggravated burglary count. *Page 1