OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment entered by the Franklin County Court of Common Pleas that granted a motion to suppress filed by defendant-appellee, Charles A. Groce. For the following reasons, we vacate that judgment and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} On May 15, 2005, two Columbus Police Officers stopped defendant for illegally riding his bicycle on a sidewalk near the intersection of North Fifth Street and East Ninth Avenue in Columbus, Ohio. During defendant's detention, one of the officers checked to see if there were any outstanding warrants for defendant's arrest. After *Page 2 
issuing defendant a citation for riding his bicycle on the sidewalk, the officers learned that defendant had an outstanding arrest warrant for theft. The officers searched defendant and discovered a small, blue plastic container on a key chain that the officers suspected contained crack cocaine. Defendant admitted to the officers that the container held crack cocaine. Field tests performed by the officers confirmed that the substance was crack cocaine. The record does not reflect whether the officers searched defendant before or after they arrested him on the outstanding warrant.
 {¶ 3} Defendant was charged with one count of possession of crack cocaine in violation of R.C. 2925.11. Defendant entered a not guilty plea to the charge. Before trial, defendant moved to suppress the crack cocaine discovered during the officers' search of his person. He claimed that the officers violated his Fourth Amendment right to be free from unreasonable searches. At a hearing on the motion, one of the officers testified that after he learned of the outstanding arrest warrant, he arrested defendant and then searched him and found the container that held the crack cocaine. Defendant testified for purposes of the hearing and stated that the officer searched him after the citation was issued but before he was arrested on the warrant.
 {¶ 4} The trial court granted defendant's motion and suppressed the crack cocaine. In its oral decision, the trial court noted that an officer has a right to perform a Terry search[1] and a search incident to an arrest[2] to protect the officer from weapons. The *Page 3 
trial court did not expressly determine whether the search was aTerry search or a search incident to an arrest. Nor did the trial court determine whether the search occurred before or after the arrest. The trial court reasoned, however, that because the container was so small,[3] the officer could not have had a reasonable suspicion that the defendant was armed and dangerous. The trial court concluded, therefore, that the search was unreasonable and that the crack cocaine discovered pursuant to that search had to be suppressed. Without that evidence, the State could not proceed on the charge and the trial court dismissed the charge.
 {¶ 5} The State, pursuant to R.C. 2945.67(A) and Crim.R. 12(K), appeals the trial court's ruling and presents the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THAT AN ARRESTING OFFICER IS RESTRICTED IN HIS SEARCH OF AN ARRESTEE TO A PAT DOWN FOR WEAPONS.
 {¶ 6} The State appeals from the trial court's decision to grant defendant's motion to suppress. An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact and, is therefore, in the best position to resolve factual questions and evaluate witness credibility. State v. Curry (1994),95 Ohio App.3d 93, 96. As such, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, an appellate court independently reviews the trial court's legal conclusions based on those facts and *Page 4 
determines, without deference to the trial court's decision, "whether as a matter of law, the facts meet the appropriate legal standard."Curry, at 96.
 {¶ 7} The State contends that the trial court erroneously granted defendant's motion to suppress when it applied the limitations of aTerry search to a search conducted pursuant to a lawful arrest. While not contesting the inapplicability of the Terry analysis, the defendant claims that the evidence was properly suppressed because his continued detention after issuance of the citation was unreasonable. He also claims that the search was not incident to the arrest because it occurred before he was arrested. We will first address defendant's contention that he was unreasonably detained.
 {¶ 8} The validity of defendant's initial stop is not contested. The officer testified that he witnessed defendant riding his bicycle on a sidewalk. Pursuant to Columbus City Code Section 2173.10, riding a bicycle on a sidewalk is a minor-misdemeanor traffic offense. Thus, the officers were entitled to stop defendant for that violation. State v.Cox (July 13, 2000), Franklin App. No. 99AP-1009.
 {¶ 9} When a police officer stops someone for a traffic offense, the officer may detain the individual for a time period sufficient to issue a ticket or warning. State v. Carlson (1995), 102 Ohio App.3d 585, 598;State v. Howard, Preble App. No. CA-2006-02-002, 2006-Ohio-5656, at ¶ 15, citing State v. Keathley (1988), 55 Ohio App.3d 130, 131. That time period may also include sufficient time to perform routine procedures such as a computer check on the individual's identification to check for, among other things, outstanding warrants. Cox; State v.Johnson, Montgomery App. No. 20624, 2005-Ohio-1367, at ¶ 20;Howard, at ¶ 15; Smith, supra, at ¶ 38. In determining whether an officer conducted these tasks within a reasonable time, the court must evaluate the duration of *Page 5 
the stop in light of the circumstances and consider whether the officer diligently conducted the investigation. Id.
 {¶ 10} The testimony from the officer involved and the defendant does not indicate that the investigation was unreasonable in scope or duration. Although it is not clear exactly when the warrant check came back or how long the stop lasted, it does not appear that the stop took very long. In fact, one officer conducted the record check while the other officer issued the citation to defendant, indicating the diligent actions of the police officers. No violation of defendant's Fourth Amendment rights has been demonstrated by this detention.Johnson, supra. See, also, State v. Mootoosammy (July 25, 2001), Medina App. No. 3150-M (25-minute traffic stop not unreasonably long).
 {¶ 11} We next address the State's argument that the trial court erroneously applied the limitations of a Terry search in this case because the search occurred after the arrest of the defendant. As noted, a Terry search may be conducted without probable cause to arrest and is limited to a search for weapons based upon the officer's reasonable suspicion that the suspect is armed and dangerous. State v. Walker (July 28, 1998), Franklin App. No. 97APA09-1219; State v. Richardson (Dec. 7, 1999), Franklin App. No. 98AP-1500 (police officer who stops individual to issue citation may perform Terry search for weapons). In contrast, a search incident to an arrest allows an officer to conduct a full search that is not limited to the discovery of weapons but may include evidence of crimes as well. Walker; Smith, at ¶ 41.
 {¶ 12} The trial court suppressed the crack cocaine because, given the size of the container, the officer could not have reasonably believed that the defendant was armed and dangerous. This language implies that the trial court believed the search was a Terry search that occurred before the arrest. The State's argument, however, presumes that *Page 6 
the officers searched defendant after they arrested him. The trial court did not make a factual finding indicating when the search occurred. In fact, the evidence on this issue was conflicting. The arresting officer testified that he searched defendant after he arrested him. On the other hand, the defendant testified that he was searched before he was arrested.
 {¶ 13} This court will not speculate about what factual assumptions the trial court may have made to support its decision. Crim.R. 12(E) requires a trial court to state its essential findings on the record where factual issues are involved. Factual findings are necessary for effective appellate review of trial court decisions. State v.Marinacci (Nov. 3, 1999), Fairfield App. No. 99-CA-37, citing City ofBryan v. Knapp (1986), 21 Ohio St.3d 64, 65; State v. Schwartz (Feb. 7, 2002), Perry App. No. 01-CA-9. A trial court reviews the credibility of the witnesses and determines facts. A trial court's failure to make necessary factual findings inhibits an appellate court's ability to review the decision of the trial court. Id. While this court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence, our role "does not normally extend to a determination of the existence of those facts." State v. Hall (Feb. 17, 1993), Gallia App. No. 92 CA 2.
 {¶ 14} The determinative factual issue in this appeal is whether the search occurred before or after the officers arrested defendant. Conflicting evidence was presented on this issue and the record does not reflect a clear factual finding by the trial court. Without this factual finding, we cannot properly review the trial court's suppression order.Marinacci, supra. Accordingly, we sustain the State's assignment of error only to the extent it seeks to vacate the trial court's suppression order. The judgment of the Franklin County Court of Common Pleas is vacated, and this case is remanded to the trial *Page 7 
court with instructions to factually determine when the search occurred. The trial court shall then proceed to decide whether suppression is appropriate based on whether the search occurred before or after the arrest.
Judgment vacated and cause remanded with instructions.
PETREE and WHITESIDE, JJ., concur.
WHITESIDE, J., retired, of the Tenth Appellant District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Pursuant to Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, a law enforcement officer may stop an individual based on a reasonable suspicion that criminal activity may be afoot. Id. at 30; see, also,State v. Smith, Franklin App. No. 04AP-859, 2005-Ohio-2560, at ¶ 23. During the stop, a police officer may conduct a pat down of the suspect for weapons if the officer has a reasonable suspicion that the suspect might be armed and dangerous. Terry, at 27; see, also, State v.Heard, Montgomery App. No. 19322, 2003-Ohio-906, at ¶ 22.
[2] Pursuant to Chimel v. California (1969), 395 U.S. 752,89 S.Ct. 2034, a law enforcement officer may conduct a warrantless search of both the arrestee and the area within the individual's immediate control whenever the search is incident to a lawful arrest. Id. at 763. This search allows law enforcement officers to discover and remove weapons, as well as seize evidence to prevent its destruction or concealment. Id.; see, also, State v. Mathews (1976), 46 Ohio St.2d 72.
[3] The trial court stated that the container was 1 inch by about a 1/4 inch. *Page 1