OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting a motion to suppress filed by defendant-appellee, Daniel J. Landers. For the following reasons, we reverse that judgment and remand the matter for further proceedings.
 {¶ 2} In the early morning hours of July 24, 2007, Hilliard Police Officer, Joshua Cahill, stopped appellee's car after witnessing him drive off the right side of Scioto-Darby Road. Appellee had a passenger in his car. Based upon appellee's erratic driving and his nervous, fidgety behavior after he was stopped, Officer Cahill suspected that appellee *Page 2 
was under the influence of some substance. Officer Cahill obtained identification from both appellee and his passenger and then went back to his police car to speak with his sergeant who had arrived on the scene. During the next ten minutes, Officer Cahill ran background checks on appellee and his passenger and discussed with his sergeant how they should proceed, given his concern that appellee was acting nervous and fidgety.
 {¶ 3} As a result of the background check, Officer Cahill discovered that appellee's license plates recently expired. Therefore, he decided to write appellee a warning. Officer Cahill also wanted to further investigate whether appellee was under the influence of something and whether appellee was capable of driving safely. After writing out the warning, Officer Cahill approached the car and asked appellee to step out of the car. As appellee exited the car, a plastic tube fell from appellee's lap onto the road. Officer Cahill recognized the item as drug paraphernalia and he immediately arrested appellee. Pursuant to a search incident to that arrest, Officer Cahill found cocaine and a crack pipe in appellee's shoes.
 {¶ 4} As a result of these events, a Franklin County grand jury indicted appellee with two counts of possession of cocaine in violation of R.C. 2925.11. Appellee entered a not guilty plea to the charges. He then filed a motion to suppress the evidence that the police officers obtained from him during the traffic stop. He argued that his continued detention with no articulable suspicion of criminal activity was illegal, and that evidence obtained as a result of the detention should be suppressed.
 {¶ 5} At a hearing on appellee's motion, Officer Cahill and his sergeant described the circumstances that led to the traffic stop and the discovery of the cocaine. Officer Cahill admitted that he asked appellee to get out of his car to further investigate whether *Page 3 
appellee was under the influence of any substance. The trial court granted appellee's motion after finding that Officer Cahill had delivered the written warning to appellee, thereby ending the purpose of the original stop. The trial court further found that there was no justification for ordering appellee out of the car and conducting a search. The trial court felt that the officer was on an "unconstitutional fishing expedition." Thus, the trial court suppressed all the evidence the police discovered after Officer Cahill ordered appellee out of his car. Because the trial court suppressed the cocaine discovered as a result of the search, the State informed the trial court that it could not go forward with its case.
 {¶ 6} Pursuant to R.C. 2945.67(A), Crim.R. 12(K), and App.R. 4, the State appeals and assigns the following error:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION TO SUPPRESS.
 {¶ 7} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Groce, Franklin App. No. 06AP-1094,2007-Ohio-2874, at ¶ 6. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Brooks
(1996), 75 Ohio St.3d 148, 154. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8; Columbus v. Dials, Franklin App. No. 04AP-1099,2005-Ohio-6305, at ¶ 17-18. *Page 4 
 {¶ 8} The State first contends that the trial court's factual finding that Officer Cahill delivered the traffic warning before he asked appellee out of the car is not supported by competent, credible evidence.[1] We agree.
 {¶ 9} There is no evidence to support the trial court's factual finding that Officer Cahill delivered the written warning. In fact, the evidence supports the conclusion that Officer Cahill never delivered the warning to appellee. Officer Cahill testified that he returned to appellee's car with the written warning and asked appellee to get out of the car. As appellee exited the car, Officer Cahill saw something fall from appellee's lap onto the ground. When Officer Cahill saw that the item was drug paraphernalia, he placed the written warning on the car and arrested appellee. The officer never gave the written warning to appellee. A videotape of the traffic stop confirms that Officer Cahill did not deliver the warning before asking appellee to get out of the car. The trial court's factual finding that Officer Cahill asked appellee to get out of the car after he gave appellee the written warning is not supported by any evidence. Nor does appellee argue that he received the warning before Officer Cahill asked him to get out of the car.
 {¶ 10} With the accurate facts now before us, we address whether the trial court erred by granting the motion to suppress. TheFourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868. A traffic stop by a law enforcement officer must comply with the Fourth Amendment's reasonableness requirement. Whren v.United States (1996), 517 U.S. 806, 116 S.Ct. 1769. Where a police officer stops a vehicle *Page 5 
based on probable cause that a traffic violation has occurred, the stop is not unreasonable under the Fourth Amendment to the United States Constitution. Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. Officer Cahill testified that he saw appellee drive his car off the side of the road, a fact appellee does not dispute. Having witnessed a traffic violation, Officer Cahill's stop of appellee's car was valid.
 {¶ 11} An officer making a valid traffic stop may order the driver to get out of the car pending completion of the stop, even without suspicion of criminal activity. Pennsylvania v. Mimms (1977),434 U.S. 106, 98 S. Ct. 330; State v. Evans (1993), 67 Ohio St.3d 405, 408. However, an officer has no right to detain a driver, or to order a driver out of the car, if the purpose of the stop had been accomplished and the officer has no articuable facts justifying the continued detention. State v. Robinette (1997), 80 Ohio St.3d 234.
 {¶ 12} In Robinette, the defendant was stopped for speeding. The officer issued him a verbal warning. After issuing the warning, and without any articuable facts justifying continued detention, the officer asked the defendant if he had any illegal contraband in his car. The officer then asked if he could search the defendant's car. The Supreme Court of Ohio noted that once the officer administered a warning for the traffic violation, the reason for the stop ended. Id. at 239. The court went on to consider the appropriateness of the officer's continued detention of the defendant after the officer issued the warning. Thus, the fact that the officer had already issued the traffic warning, thereby ending the reason for the traffic stop, was significant in theRobinette decision.
 {¶ 13} Appellee contends that pursuant to Robinette, Officer Cahill had no right to order him out of the car under these circumstances. We disagree. As noted above, *Page 6 
Officer Cahill had not completed the purpose of the stop when he ordered appellee out of the car. Therefore, the case at bar is distinguishable from Robinette. Because Officer Cahill had not completed the purpose of the stop, he had the right to order appellee out of the car.Mimms.
 {¶ 14} Appellee also argues that the trial court properly granted the motion to suppress because Officer Cahill admitted that the reason he asked appellee to get out of the car was to further investigate whether appellee was under the influence of some substance. However, the officer's purpose in asking appellee to get out of the car is not relevant. The United States Supreme Court has "`flatly dismissed the idea that an ulterior motive might serve to strip the [police] of their legal justification.'" State v. White, Wayne App. No. 05CA0060,2006-Ohio-2966, at ¶ 10, quoting Whren, at 812; see, also, State v.Trembly (June 30, 2000), Washington App. No. 99 CA 03 (noting that officer's subjective intentions play no role in probable cause analysis or investigative stops). Pursuant to Mimms, Officer Cahill was justified in asking appellee out of the car, regardless of his motive for doing so. State v. Henderson, Lake App. No. 2006-L-110, 2007-Ohio-2315, at ¶ 28 (not considering officer's motive in asking driver out of car);State v. Coleman, Cuyahoga App. No. 79816, 2002-Ohio-2387, at ¶ 20 (affirming officer's request for driver to get out of car).
 {¶ 15} Lastly, appellee contends that the length of the detention was unreasonable. We disagree. When a police officer stops someone for a traffic offense, the officer may detain the individual for a time period sufficient to issue a ticket or warning. Groce, supra, at ¶ 9. That time period may also include sufficient time to perform routine procedures such as a computer check on the individual's identification. *Page 7 
Id. However, a detention for purposes of issuing a warning may become unlawful if the detention is prolonged beyond the time reasonably required to issue such a warning, absent some specific and articulable facts that further detention was reasonable. State v. Ramos,155 Ohio App.3d 396, 2003-Ohio-6535, at ¶ 10; State v. Stanley, Franklin App. No. 06AP-323, 2007-Ohio-2786, at ¶ 15.
 {¶ 16} Thus, in certain situations, prolonged delays of a traffic stop may become unreasonable. See Ramos (holding that a one-hour delay between stop and canine search of car was unreasonable). For example, if Officer Cahill had unjustifiably delayed giving appellee the written warning, the continued detention may have become unlawful. However, this is not the situation presented here. After Officer Cahill ran background checks on appellee and his passenger and wrote out a warning, which took approximately ten minutes, Officer Cahill approached the car and asked appellee to get out of the car. As appellee exited the car, drug paraphernalia fell onto the ground, which resulted in appellee's arrest and the subsequent discovery of cocaine in his possession. The entire incident took less than 15 minutes. Officer Cahill did not unreasonably prolong the traffic stop.
 {¶ 17} In conclusion, Officer Cahill legally stopped appellee after witnessing him drive off the side of the road. Officer Cahill legally asked appellee to get out of his car before completing the traffic stop. The length of the traffic stop was not unreasonably long. When appellee stepped out, the officer saw drug paraphernalia fall from his lap. Officer Cahill arrested appellee and searched him pursuant to a lawful arrest. Officer Cahill found cocaine in appellee's possession during a search incident to a lawful arrest. *Page 8 
Therefore, the trial court erred when it granted appellee's motion to suppress such evidence.
 {¶ 18} The State's lone assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
SADLER, P.J., and BRYANT, J., concur.
[1] The State also alleges that the trial court's factual finding that Officer Cahill determined that appellee was not intoxicated was also erroneous. This factual finding is irrelevant to our resolution of this appeal. We note, however, that the officer testified that based on his observations of appellee, it was his opinion that appellee was "under the influence of something." *Page 1